VERNON PARK REALTY, INC., Respondent, *v.* CITY OF MOUNT VERNON, Appellant.

Argued April 20, 1954; decided July 14, 1954.

*Harry Zimmerman, Corporation Counsel* (*William Macy* of counsel), for appellant. I. It was a proper exercise of the appellant's police power, in 1927, to create a special residential zone of the property constituting the railroad company's station plaza. (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115; *Higbee* v. *Chicago, B. & Q. R. R. Co.,* 235 Wis. 91.) II. Respondent purchased the property in question with full knowledge of the zoning restrictions. The hardship complained of is self-imposed. As a conditional vendee, respondent would have had no right to apply for a variance. As a conditional vendee, respondent has no greater right to attack the constitutionality of the zoning ordinance. (*Matter of Clark* v. *Board of Zoning Appeals of Town of Hempstead,* 301 N. Y. 86; *Matter of Hickox* v. *Griffin,* 274 App. Div. 792, 298 N. Y. 365; *Dilliard* v. *Village of North Hills,* 276 App. Div. 969; *Matter of Taxpayers' Assn.* v. *Board of Zoning Appeals of Town of Hempstead,* 301 N. Y. 215; *Wardrop* v. *Fairfield Gardens,* 237 App. Div. 605.) III. The change of zone from business to residence cannot now be attacked because: there was acquiescence for twenty-five years on the

part of the railroad company, which is binding upon respondent; the railroad company in 1932 not only sought, but obtained, a variance permitting the erection of a filling station; the railroad company, as late as 1948, refused to sell or lease a part of the property to the city for a bus terminal upon the ground that the entire plaza property was essential for parking purposes, and it would be inequitable to permit an attack on the zoning ordinance where, after a period of twenty-five years, the population of the city had doubled and traffic congestion had already reached a strangulation point. (*Brous* v. *Town of Hempstead,* 272 App. Div. 31; *People* v. *Jacoby,* 304 N. Y. 33; *Forbes* v. *Hubbard,* 348 Ill. 165; *Curtiss-Wright Corp.* v. *Village of Garden City,* 270 App. Div. 936, 296 N. Y. 839; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288; *People ex rel. Polcini* v. *Scofield,* 279 App. Div. 762.) IV. Respondent's proof failed to establish confiscation. On the contrary, the proof showed that the property in question can profitably be put to conforming uses. (*Osborne* v. *Village of East Hampton,* 271 App. Div. 837.) V. The designed parking district amendment to the zoning ordinance created additional uses and did not create further use restrictions. (*Nappi* v. *La Guardia,* 295 N. Y. 652.)

*J. Robert Bleakley, William F. Bleakley* and *John F. Minicus* for respondent. I. The trial court properly declared the Zoning Ordinance of 1927 and the amendment of 1952 to be unconstitutional. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Evanns* v. *Gunn,* 177 Misc. 85; *431 Fifth Ave. Corp.* v. *City of New York,* 184 Misc. 1001; *Headley* v. *City of Rochester,* 272 N. Y. 197; *Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393; *Delaware, L. & W. R. R.* v. *Morristown,* 276 U. S. 182; *City of Watertown* v. *Rodenbaugh,* 112 App. Div. 723.) II. Plaintiff may attack the ordinance despite the fact that its predecessor in title acquiesced in it, and despite the fact that plaintiff knew of the existence of the ordinance at the time of purchase. (*Evanns* v. *Gunn,* 177 Misc. 85; *Union Free School Dist. No. 14 of Town of Hempstead* v. *Village of Hewlett Bay Park,* 198 Misc. 932, 278 App. Div. 706; *Ulmer Park Realty Co.* v. *City of New York,* 267 App. Div. 291; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Lathrop* v. *Feriola,* 276 App. Div. 850.) III. Plaintiff's right

to commence the action was unaffected by the fact that the contract of sale contained an option to withdraw. (*Union Free School Dist. No. 14 of Town of Hempstead* v. *Village of Hewlett Bay Park,* 198 Misc. 932, 278 App. Div. 706; *Dilliard* v. *Village of North Hills,* 276 App. Div. 969; *People ex rel. Arseekay Syndicate* v. *Murdock,* 265 N. Y. 158.) IV. The letter from the railroad company officer was properly refused in evidence. No waiver resulted by virtue of the application of plaintiff for a change of zone. Approval of the Public Service Commission of the sale of the premises to plaintiff was not required. The judgment was in proper form. (*Delaware, L. & W. R. R.* v. *Morristown,* 276 U. S. 182; *Great Northern Ry.* v. *Minnesota,* 238 U. S. 340; *Yates* v. *Van De Bogert,* 56 N. Y. 526.)

DYE, J. The City of Mount Vernon appeals as of right on constitutional grounds from a judgment declaring invalid and void, insofar as they affect the plaintiff's property, the City Zoning Ordinance and Zoning Map of the City of Mount Vernon, enacted and adopted March 22, 1927, as amended March 9, 1949, and the amendment thereto, chapter 4A, enacted and adopted January 16, 1952.

The subject premises are known locally as the " Plaza ", consisting of an open area containing approximately 86,000 square feet adjacent to the New York, New Haven & Hartford Railroad station. It is in the middle of a highly developed Business " B " district (Zoning Ordinance, 1927, ch. 12) and as such constitutes an island completely surrounded by business buildings. It has always been used by the patrons of the railroad and others for the parking of private automobiles. When the city first enacted a zoning ordinance, the Plaza was placed in a Business " B " district (Zoning Ordinance adopted 1922), later being changed without objection to a Residence " B " district (Zoning Ordinance adopted 1927), following which the parking of automobiles was continued as a valid nonconforming use. In 1932, upon the application of the railroad and its then tenant, the city granted a variance to permit the installation of a gasoline filling station. Later and in 1951 the railroad sold the premises to the plaintiff, the title being closed June 21, 1951. The purchaser applied without success for a variance to permit the erection of a retail shopping center, a pro-

hibited use as the zoning ordinance then read (Zoning Ordinance adopted 1927, chs. 9–10).

The plaintiff then commenced this action for a judgment declaring the 1927 ordinance unconstitutional, unreasonable and void and not binding on the plaintiff insofar as the same pertains to the use of plaintiff's premises, and for injunctive relief. After joinder of issue and on January 16, 1952, the common council amended the zoning ordinance by adding thereto a new district to be known as " D. P. D." (Designed Parking District). In substance, the effect of this amendment was to prohibit the use of the property for any purpose except the parking and storage of automobiles, a service station within the parking area and the continuance of prior nonconforming uses (Zoning Ordinance as amended January 16, 1952, ch. 4A). Faced with this change in classification, the plaintiff amended its complaint so as to include an attack on both the zoning ordinance and the 1952 amendment. The amended complaint alleges that the ordinance and its 1952 amendment, as pertaining to the plaintiff's property, work an undue hardship as to use, destroy the greater part of its value, are discriminatory as a denial of the equal protection of the law, and amount to a taking of private property without just compensation contrary to due process and, as such, are constitutionally invalid and void. The city justifies the ordinance and its amendment by reason of the congested traffic and parking conditions now existing in Mount Vernon which, it says, have become so acute as to reach a strangulation point. However compelling and acute the community traffic problem may be, its solution does not lie in placing an undue and uncompensated burden on the individual owner of a single parcel of land in the guise of regulation, even for a public purpose. True it is that for a long time the land has been devoted to parking, a nonconforming use, but it does not follow that an ordinance prohibiting any other use is a reasonable exercise of the police power. While the common council has the unquestioned right to enact zoning laws respecting the use of property in accordance with a well-considered and comprehensive plan designed to promote public health, safety and general welfare (General City Law, § 83), such power is subject to the constitutional limitation that it may not be exerted arbitrarily

or unreasonably (*Nashville, C. & St. L. Ry.* v. *Walters,* 294 U. S. 405; *Matter of Brous* v. *Smith,* 304 N. Y. 164) and this is so whenever the zoning ordinance precludes the use of the property for any purpose for which it is reasonably adapted (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222). By the same token, an ordinance valid when adopted will nevertheless be stricken down as invalid when, at a later time, its operation under changed conditions proves confiscatory (*Abie State Bank* v. *Bryan,* 282 U. S. 765) such, for instance, as when the greater part of its value is destroyed (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221), for which the courts will afford relief in an appropriate case (*Matter of Eaton* v. *Sweeny,* 257 N. Y. 176).

On this record, the plaintiff, having asserted an invasion of his property rights (cf. *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115), has met the burden of proof by establishing that the property is so situated that it has no possibilities for residential use and that the use added by the 1952 amendment does not improve the situation but, in fact, will operate to destroy the greater part of the value of the property since, in authorizing its use for parking and incidental services, it necessarily permanently precludes the use for which it is most readily adapted, i.e., a business use such as permitted and actually carried on by the owners of all the surrounding property. Under such circumstances, the 1927 zoning ordinance and zoning map and the 1952 amendment, as they pertain to the plaintiff's property, are so unreasonable and arbitrary as to constitute an invasion of property rights, contrary to constitutional due process and, as such, are invalid, illegal and void enactments (U. S. Const., 5th and 14th Amendts; N. Y. Const., art. I, §§ 6, 7; *Rockdale Constr. Corp.* v. *Incorporated Vil. of Cedarhurst,* 301 N. Y. 519; *Arverne Bay Constr. Co.* v. *Thatcher, supra; Dowsey* v. *Village of Kensington, supra; Matter of Eaton* v. *Sweeny, supra; Euclid* v. *Ambler Co.,* 272 U. S. 365; *Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393; *Town of Islip* v. *Summers Coal & Lbr. Co.,* 257 N. Y. 167).

Mention should be made of appellant's contention that plaintiff has no right to bring this action because it has not shown good faith in that the contract of purchase provided for a reconveyance of the premises to the seller, at the option of

the purchaser, in the event that, within one year from the date of closing title, the purchaser was unable to obtain from the city or through court action a change of zoning so as to permit use of the premises for a business purpose, and, in that it purchased the property with knowledge of the zoning restrictions. There is no merit to this claim of lack of good faith. The plaintiff took title to the property by deed prior to the enactment of the 1952 amendment and could not very well have known or anticipated that the city, under the guise of regulating traffic, would permanently limit the use of the property to the parking of automobiles and incidental services, such as we have said constituted an illegal invasion of the plaintiff's property rights. Under such circumstances, the validity of the zoning ordinance and its zoning map may be attacked at any time and at any stage of the proceedings. The right to challenge the validity of an ordinance by action for a declaratory judgment is not to be confused with a proceeding under article 78 of the Civil Practice Act to review a discretionary determination of a zoning board, as in *Matter of Hickox* v. *Griffin* (298 N. Y. 365). There, the evidence was deemed insufficient to warrant granting a variance of the zoning ordinance under applicable principles of law (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71; *Matter of Ernst* v. *Board of Appeals on Zoning of City of New Rochelle*, 298 N. Y. 831). Nor should this right of action be confused with the question of who may bring an article 78 proceeding as a " person aggrieved " (*Matter of Hickox* v. *Griffin, supra; Matter of Taxpayers' Assn.* v. *Board of Zoning Appeals of Town of Hempstead*, 301 N. Y. 215). Our recent case (*Matter of Clark* v. *Board of Zoning Appeals of Town of Hempstead*, 301 N. Y. 86) is not authority to the contrary. There, too, the issue was a reasonable exercise of administrative discretion. The ordinance as a valid enactment was not challenged.

Purchase of property with knowledge of the restriction does not bar the purchaser from testing the validity of the zoning ordinance since the zoning ordinance in the very nature of things has reference to land rather than to owner (Bassett on Zoning, p. 177). Knowledge of the owner cannot validate an otherwise invalid **ordinance**. **The owner's** right to attack the **validity**

of a zoning ordinance is not waived by the circumstance that he has on a previous occasion applied for a variance. Such an application is, primarily, an appeal to the discretion of the board and, for that purpose, the validity of the ordinance is assumed but that does not operate to confer validity if, in fact, as here, the zoning ordinance is clearly confiscatory (cf. *Arverne Bay Constr. Co.* v. *Thatcher, supra*). Conversely, an attack on the legality of a zoning ordinance prior to any request for a variance has long been accepted as proper procedure (*Dowsey* v. *Village of Kensington, supra*).

In view of all that has been said, we find it unnecessary to mention the appellant's other points beyond saying that we regard them as wholly lacking in merit.

The judgment appealed from should be affirmed, with costs.

FULD, J. (dissenting). I cannot agree that the zoning ordinance of the City of Mount Vernon here under attack is unconstitutional.

A zoning ordinance is confiscatory and, hence, unconstitutional only when it " so restricts the use of property that it cannot be used for any reasonable purpose " (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 232) or when it restricts it " to a use for which the property is not adapted ". (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 231.) But, if " the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." (*Euclid* v. *Ambler Co.,* 272 U. S. 365, 388; see, also, *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118.) It seems to me that neither the 1927 ordinance nor its 1952 amendment is so unreasonable as to permit us to interfere with the judgment of Mount Vernon's Common Council.

In the present case, although the 1927 ordinance placed the property in a residential zone, all of the area was in fact employed for parking purposes since 1922. That being so, we may not ignore realities and say that the ordinance was invalid because it singled out a small area in the midst of a large business zone for residential use. For all practical purposes, the district continued, as it had been, zoned for parking. Adjacent to the New York, New Haven & Hartford Railroad, the area

served the community's obvious need for parking facilities. Accordingly, the continuance — indeed, even the creation — of a special parking zone was more than warranted. Serving, as it did, the parking needs of railroad passengers, permitting easier access to the trains and reducing congestion in the crowded business section, the ordinance not only afforded the owner an entirely reasonable use for his property, but advanced the public good and well-being.

Nor may the ordinance be condemned because it affected but a small area. It has long been recognized that, if it is done for the general welfare of the community as a whole, a municipality may, as part of a comprehensive zoning plan, set aside even a single plot in the center of a large zone devoted to a different use. (See, e.g., *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124; *Nappi* v. *La Guardia,* 295 N. Y. 652; *Higbee* v. *Chicago, B. & Q. R. R. Co.,* 235 Wis. 91.) And land adjacent to a railroad station has been regarded as a particularly appropriate subject for such treatment. (See *Higbee* v. *Chicago, B. & Q. R. R. Co., supra,* 235 Wis. 91.)

The ordinance being valid in 1927, it is valid today unless conditions have changed. Not even respondent claims that they have, and the fact is that, except for the erection of a gas station on part of the space involved,[1] neither the area nor the surrounding business district has undergone any alteration. There has, of course, been an increase in population and in the number of automobiles, but that — a general and widespread change affecting all of Mount Vernon — only serves to render the long-continued parking use still more suitable and necessary. It is, perhaps, true, that a parking lot may not afford a purchaser as great a return on his money as a shopping center, but that circumstance, standing alone, does not justify invalidation of the ordinance. (See, e.g., *Shepard* v. *Village of Skaneateles, supra,* 300 N. Y. 115, 120; *Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 302.)

---

1. In 1932, the Railroad Company, which owned the property until 1951, and its then tenant applied for and obtained a variance, permitting the construction of a gasoline filling station.

There is at least one other reason for upholding the 1927 ordinance. While mere acquiescence in an unconstitutional ordinance cannot serve to validate it (see, e.g., *Matter of Wuttke* v. *O'Connor,* 306 N. Y. 677), the fact that for over twenty-five years the owner railroad actually occupied the property satisfactorily as a parking space — without objection or the slightest claim that it effected a confiscation — cannot be overlooked. Since an ordinance is unconstitutional only if it bars "any reasonable" use of property, it is difficult to see how it may be attacked successfully as confiscatory or invalid where it appears that the land was put to a "reasonable" use for a quarter of a century under conditions which have up to the present remained unchanged. And, that being so, a vendee, such as respondent, who buys with full knowledge of the applicable zoning regulations, certainly stands in no better or stronger position than his predecessor in title. (Cf., e.g., *Matter of Wuttke* v. *O'Connor,* 306 N. Y. 677, *supra; People ex rel. Arseekay Syndicate* v. *Murdock,* 265 N. Y. 158.)

The 1927 law, being, as I believe, constitutional, no fault may be found with the 1952 amendment. That merely brought about by enactment what had previously been accomplished by a nonconforming use and is no more subject to attack than the 1927 ordinance.

If I be right, if the ordinance and amendment are constitutional, it is unnecessary to decide whether the option — given to respondent, when it acquired the premises, to reconvey them back to the seller if unable to obtain a "change of zoning so as to permit buildings for offices or for stores on the premises" — prevents it from attacking the ordinance as invalid.

I would reverse the judgment rendered below.

LEWIS, Ch. J., CONWAY, DESMOND, FROESSEL and VAN VOORHIS, JJ., concur with DYE, J.; FULD, J., dissents in opinion.

Judgment affirmed.