Van Voorhis, J. (dissenting).
This appeal concerns the constitutionality of a village zoning regulation which prohibits the erection upon appellant’s home of a steel tower more than 20 feet high, to support a rotary beam antenna used in connection with his federally licensed amateur radio station. Appellant is one of more than 146,000 licensed radio amateurs in the United States., He asserts that this structure is naturally *393 appurtenant to his home, and that forbidding him to construct it constitutes a deprivation of property without due process of law in contravention to the Fourteenth Amendment of the Constitution of the United States and article I of the Constitution of the State of New York. He likewise contends that the action of the zoning board constitutes an unlawful invasion by a municipality into a field of regulation pre-empted by the Federal Government.
The zoning power is subject to the constitutional limitation that it may not be asserted arbitrarily or unreasonably, and this is so whenever the zoning ordinance precludes the use of the property for such purposes as it is reasonably adapted to (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 499; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222). A zoning ordinance would undoubtedly be void which prevented the use of this parcel for residential purposes, and that includes whatever uses are accessory to residences.
If it were necessary in a particular location to maintain television aerials more than 20 feet in height, I think it would be conceded that such a limitation would be ineffectual. Television, in most people’s minds, is as inseparably related to keeping house as a kitchen. Although amateur radio sending and receiving stations are less frequently encountered, they, also, are inseparably connected with the home if one is an amateur operator; that is to say, “ham” radio operators cannot carry on this activity except in conjunction with their homes. Prohibiting the erection and maintenance of suitable, aerials outlaws this activity for practical purposes.
In my view a licensed radio operator has a right to operate, of which he cannot be arbitrarily deprived without violating due process. These people include a sizeable proportion of the country’s most promising embryo scientists, especially in the urgent field of electrical engineering and electronics. They are, as a rule, the self-starters, people with the scientific curiosity, energy and imagination that are so necessary not only to the advancement'but actually to the safety of our nation. This activity not only helps to qualify them to fill the ranks of scientific researchers and engineers, who are necessary to modern life, but also these 146,000 amateurs have rendered and are becoming increasingly qualified to render indispensable public service through the operation of their stations. The *394 number of disabled vessels at sea whose distress signals have been heard and relayed by “ ham ” operators is large, airplane distress signals and communications likewise are received and civil defense authorities have publicly recognized that service which they are equipped to render in event of an atomic holocaust would be indispensable. It has been announced that they are part of the Naval Eesearch Laboratory’s plans for the tracking of earth satellites.
Courts of other States have recognized factors such as these in connection with amateur operators’ aerials in zoning cases (Wright v. Vogt, 7 N. J. 1; Appeal of Lord, 368 Pa. 121; Village of St. Louis Park v. Casey, 218 Minn. 394). No cases have been called to our attention to the contrary in this particular field.
The urge toward conformity in modern society ténds to compress people into uniform moulds, and pressures of this nature beat hard upon zoning boards and municipal legislative bodies. Mass sentiment sometimes tends to drive out the most essential and publicly valuable activities or services, even to the extent of forbidding electrical distributing substations of public utilities on which the lighting of the municipality depends (Long Island Light. Co. v. City of Long Beach, 305 N. Y. 880). It is a necessary function of the courts under the Constitution to' prevent such tendencies from going to excess. The operation of these amateur radio stations is impossible except from the operator’s home. That is the only place where he can send and listen to other broadcasts hour after hour far into the night. That is what makes these stations, in my judgment, accessory to the home, which is true to the extent that if their maintenance at home is abolished, the effect will be to abolish them altogether. I think that it is an accessory to residential use which cannot constitutionally be abolished any more than other accessories which enter into the enjoyment for which residential buildings exist.
The order appealed from should be reversed and the determination of the Board of Appeals of the Village of Westbury should be annulled, and the board directed to issue to appellant the permit for which he has made application.
Conway, Ch. J., Desmond, Dye and Fuld, JJ., concur with Froessel, J.; Van Voorhis, J., dissents in an opinion in which Burke, J., concurs.
Order affirmed.