Frank A. Gulotta, J.
This is an action to declare unconstitutional the Revised Zoning Ordinance and Revised Zone Map of the City of Glen Cove insofar as they affect the use of plaintiff’s premises.
Plaintiff, since 1929, has been the owner of a parcel of land situate on the south side of Duck Pond Road in the City of Glen Cove, distant about 1,000 feet east of the Long Island Rail Road.
The parcel is 1,328 feet deep on the short side and has a right angle width of 249 feet although the road frontage is greater because it runs on a diagonal line. There is a large residence and carriage house on the northern portion of the property. The rear is vacant land and completely landlocked. All the property in this area is zoned for single-family residences.
The north 300 feet of plaintiff’s property which includes the existing residence, but excludes the carriage house, is zoned R 1, one acre, and the rear 1,000 feet is zoned R 2, one-half acre.
To make any use of this interior parcel of some six acres, it will be necessary to cut a 50-foot roadway into it ending in a cul-de-sac, since the parcel is some 400 feet short of reaching the nearest road to the south.
This road will have to go through the center or down one of the sides. If the first alternative is used, the resulting one-half acre plots would be 100 feet deep and 200 feet wide. If the second is used, the plots would be 100 feet wide and 200 feet deep. There would be nine plots in either case and the cost of the roadway and utilities alone would be $42,391 overall or $4,710 per plot.
Raw acreage in this area is worth approximately $5,000 per acre and adding $3,333 (i.e., total land cost of $30,000 divided by nine plots) to development costs gives us a plot cost of $8,043. Economically, this in turn necessarily requires a dwelling in the $40,000 to $45,000 selling price class.
The proof offered before me shows such a plan of development to be unworkable and economically unsound for a number of reasons.
First and foremost the area immediately to the east, zoned R 3, requiring only one-quarter acre per house, is fully developed with homes in the $16,000 to $18,000 class on plots 75 feet by 135 feet. The area to the south is R 4, and is occupied by dwellings on plots 50 feet by 100 feet. These factors make it highly unlikely that $45,000 houses on this tract and in these surroundings could be sold. 'Specific evidence was given to show that they could not.
*1047 Furthermore persons interested in a house of this class do not want it on a freakishly shaped plot, with either too much frontage and too little depth or vice versa.
The area to the west is zoned one acre and occupied by homes of the mansion type, some on plots of six acres, perpetuated by private deed restrictions, but having little practical utility or value under today’s conditions; so much so that homes in it having a reproduction cost of $200,000 go begging at $60,000.
In effect then, we have a showing that under existing zoning, there is no practical use to which plaintiff can put his property except to keep it as a vacant back yard of six acres. Neither would it help much if the plaintiff were to throw in his land for nothing.
Development costs divided among so few large parcels makes the cost too high for feasible improvements, and of course any plan which accords the plaintiff’s property no value whatever is necessarily confiscatory.
The defendant offers little in opposition to this, actually nothing specific. It says in effect that the zoning plan follows a gradation from 11 less restricted ” to “ more restricted ’ ’ in accordance with approved zoning principles and is in fact very symmetrical.
In the face of this specific showing by the plaintiff as to how the existing zoning operates to destroy the whole value of this large tract of land, the defendant needs to come forward with more than generalities and prettily colored maps where the colors nicely blend in from one shade to another.
It is well settled that under the guise of zoning, a municipality may not destroy all or even the greater part of the value of an owner’s property. (Dowsey v. Village of Kensington, 257 N. Y. 221; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493.) Accordingly judgment is granted in favor of the plaintiff.