■ ARTHUR J. MCCONNELL et al., Appellants, v. INCORPORATED VILLAGE OF TUCKAHOE, Respondent.— In an action to declare a zoning ordinance unconstitutional, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered April 30, 1965 upon the court's decision after a nonjury trial which dismissed the complaint on the merits. Judgment reversed on the law and the facts, with costs, and the June 3, 1960 zoning ordinance insofar as it affects appellants' property is declared to be unconstitutional. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Plaintiffs acquired the affected property after an auction sale; the deed was dated March 4, 1959 and the sellers were the Village of Tuckahoe and the Town of Eastchester. At that time and for many years prior thereto, the entire parcel, consisting of four 50 by 100-foot plots and a small gore, was zoned for six-story apartment house use. On June 3, 1960, nine days after plaintiffs filed an application for an apartment house building permit, the village changed the zoning to Residence B, which included one and two-family dwellings. The main thrust of plaintiffs' claim is that they were unconstitutionally deprived of any beneficial use of the property by this zoning change due to the unusual topography of the site. Plaintiffs paid $10,000 to acquire the rights of the buyer at the auction sale; the bid price was $25,000. The experts who testified for plaintiffs agreed that the property could not be feasibly developed for any uses included in Residence B. One expert, with the aid of topographical surveys and other exhibits, described the slope of this parcel which ascended in its slightly more than 100-foot depth from level 155 feet at one point on the street to level 198 feet at one point in the rear. This expert then analyzed that the cost of site development alone to build four houses there would range from a low of $16,800 per plot to a high of $35,500 per plot, these high costs being due to the deep excavation work and to construction of extensive concrete retaining walls that would be necessary. Two-family dwellings on this site and in this neighborhood would not sell for more than $25,000 to $33,000 and, since the site development without a constructed house would in many instances exceed the sales price, lack of feasibility is demonstrated. The testimony of plaintiffs' experts was substantially uncontroverted and the village produced no experts of its own to demonstrate that the new zoning was not unconstitutionally restrictive. However, the learned Trial Justice examined the site personally on consent of the parties and he concluded that "the topography in the area leaves something to be desired" but that it did not "preclude the economic construction of the type of residence dwelling permitted under the zoning." While we give considerable weight to the Justice's view of the parcel, it is, nevertheless, not conclusive (see *Maspeth Branch Realty* v. *Waldbaum, Inc.*, 20 A D 2d 896 and cases there cited). No findings were made to show in what respects his viewing of the property enabled him to conclude contrary to the testimony of the expert witnesses and thus we give critical weight to that substantially uncontroverted testimony (see *Chusud Realty Corp.* v. *Village of Kensington*, 22 A D 2d 895; *Dowsey* v. *Village of*

*Kensington,* 257 N. Y. 221; *Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493). We find it unnecessary to pass on the other issues raised on this appeal. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.