Frank A. Gulotta, J.
This is an article 78 proceeding to compel the granting of a variance and the issuance of a building permit by respondents.
The facts are not in dispute. Petitioner owns two lots on Kensington Street, Lido Beach, in the Town of Hempstead. They have a frontage of 40 feet and a depth of 65 feet and thus an area of 2,600 square feet. At the time they were first sold as a building plot on November 3, 1926, they were restricted to one dwelling per plot of that size. The town adopted its first zoning ordinance in 1930 and by successive amendments has arrived at the present requirement of 6,000 square feet, section 10.1, Building Zone Ordinance, Town of Hempstead.
These lots have been in separate and single ownership since first sold for development in 1926. In fact, they have been owned by petitioner uninterruptedly since 1935.
All the lots in the area are only 65 feet deep, but other houses have been built on plots with 96 foot fronts to conform the area of plots to present zoning. These are expensive houses and their owners objected to the present application claiming that a house built on a substandard plot would have a detrimental effect on the value of their homes.
Assuming this to be so, it does not follow that petitioner can be constitutionally deprived of all use of her land of any nature, except the privilege of paying taxes on it. Apparently, lots in the area have a current market value of about $4,000 each. Simply sterilizing their use permanently amounts to taking them without compensation. Yet, that seems to have been the board’s approach to the problem. The matter was on its calendar four times from April 5,1967 to May 10,1967, but, as disclosed in the record, it never at any time gave serious consideration to what form a variance should take. In addition to the area variance, because of the size of the plot, set backs, the floor area of the proposed dwelling, etc., were also involved. Petitioner filed a second set of plans in an effort to meet the objections of a Civic Association which at least recognized that the petitioner might have some rights in the matter.
The board itself, however, did not indicate what changes it wanted, if any. It took the matter under advisement on May 10,1967 and seven months later on December 28, 1967, denied it without findings or explanation.
The requirement for findings to sustain any decision is elementary, but it is clear that on the facts of this case there are none which could have been made to sustain it.
Petitioner makes the point that since this is an area variance, it was unnecessary for her to prove anything more than “ prac *838 tical difficulty, ’ ’ and that is true, but actually in this case existence of “ hardship ” by reason of applying the ordinance which completely nullifies any use of the property whatsoever would seem to demonstrate “ hardship,” assuming such an additional finding were necessary.
Furthermore, even before the recent decision of the Court of Appeals in Matter of Fulling v. Palumbo (21 N Y 2d 30), it had been settled law that denial of a variance which resulted in an ordinance being confiscatory was impermissible (Stevens v. Town of Huntington, 20 N Y 2d 352; Vernon Parle Realty v. City of Mount Vernon, 307 N. Y. 493). The Fulling case goes further in holding that confiscation need be -shown only when public health, safety or welfare are involved; that in the absence of such a showing, severe economic loss to the petitioner is sufficient. Here we have that. Fulling reaffirms that confiscation without just compensation is never permissible under any circumstances. Thus, even if we were to assume that “ public welfare ” could be said to be involved by reason of an assumed detrimental effect on the value of other plots in the neighborhood, that would still be insufficient to sustain the line the board followed.
The decision is annulled and respondents -are directed to grant a variance which will permit a reasonable use of the property and to do so without undue delay.