Mario Pxttoki, J.
Plaintiffs seek a judgment declaring that the zoning of their property by the Town of 'Smithtown is confiscatory and therefore unconstitutional.
Plaintiffs’ property is located in Commack, Long Island, on the southwest corner of Jericho Turnpike and Walter Court. It consists of a plot of 108 ft. on Jericho Turnpike, 90 ft. on *237 Walter Court, 136.32 ft. on the south side, and 101.66 ft. on the east side, and contains a one-story, one-family frame house.
Plaintiffs bought this property on December 5, 1968 for $25,000. They say they bought the property for exclusive office use even though they knew that the zoning permitted only home and office use. Plaintiffs themselves for years lived several houses away on Walter Court, where they still intend to live while plaintiff husband practices law at the subject property.
Experts called by both sides appraised the property as presently zoned. Plaintiffs’ expert said it was worth between $20,000 and $21,000. Defendants’ expert said it was worth between $23,000 and $25,000 for residential purposes and between $25,000 and $28,000 for residential and office use. No values were given for similar properties in the same home development. Under the circumstances, I cannot hold that the property is not worth just what plaintiffs paid for it, nor can I declare that it cannot be used or sold for residential or residential plus office purposes.
Plaintiffs contend that although the property had been used by a dentist for residential and office use for many years, it can no longer be used for anything but for .commercial property. Plaintiffs point to Exhibit 1, the town zoning map, to show the surrounding zoning areas and uses, to the highly traveled Jericho Turnpike, and to the various businesses adjoining, adjacent, and nearby enterprises, such as beer distributors, gasoline service stations, diners, real estate offices, food stands, automobile show rooms, and other business properties as making the property unlivable as a home or as. a home plus office property.
I can sympathize with occupants of such property who choose to, or are forced to, live in such an area and suffer the inconveniences of commercial proximity. However, there usually arises a line at which commercial uses must stop and residences begin. There will always be some residences that adjoin or are adjacent to business and commercial areas. Naturally, such residences are less desirable and, of course, less valuable than similar homes completely surrounded by other residences. They will be bought and sold at lesser prices.
Then, too, if this ordinance is held unconstitutional, the owners of the adjoining and adjacent properties will then have the same complaint: that they are now affected just as plaintiffs ’ property was previously affected.
This area was a planned development in a planned zone in which the .subject property was the outermost plot in the residential area. The zoning in this case was part of a comprehen *238 sive plan. The previous owner knew it, and plaintiff husband also knew it because for several years he was a member of the Smithtown Town Board.
On December 5, 1968, plaintiffs paid $25,000 for the property with the hope, and perhaps gamble, that the property would be rezoned commercially or that the present zoning would be declared void. It is common knowledge to all well-informed lawyers and public officials that a judgment declaring residential zoning unconstitutional in an area near commercial zones will increase the value of such an area many times over. Plaintiffs ’ gamble, however, cannot succeed because they have failed to show that the property cannot reasonably be used, or to show any significant economic injury or any severe financial loss.
Plaintiffs rest their case primarily on Stevens v. Town of Huntington (20 N Y 2d 352, 355, 356) and Matter of Fulling v. Palumbo (21 N Y 2d 30). The pertinent language in the Stevens case (pp. 355-356) is as follows: „
“ The appellants are entitled to succeed only if they have shown that the zoning ordinance, as applied to their property, is clearly arbitrary and unreasonable (Summers v. City of Glen Cove, 17 N Y 2d 307). If the classification is fairly debatable, it must be allowed to stand (Shepard v. Village of Skaneateles, 300 N. Y. 115). If, on the other hand, the ordinance goes so far as to preclude the use of the property for any purpose to which it is reasonably adapted, it is confiscatory and unconstitutional (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493).
“No doubt, every restriction on the unincumbered use of property may impose a burden, provoke hardship, or adversely affect value (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302). That is one of the prices of society. But the question in each case is ultimately one of reasonableness and that, in turn, depends on a total view of the relevant facts and circumstances.”
The Stevens case did not adopt any new rule; it merely said that the disparity of value between the property when zoned residentially and when zoned for business was a factor among others which the court weighed in its ultimate determination in respect to constitutionality. Thus, the test of the validity of a zoning ordinance is still one of reasonableness and whether under the restrictions of the ordinance the property is reasonably adapted to any of the permitted uses.
Be that as it may, in the Stevens case the owner had a legitimate complaint. His property was being upzoned from commercial to residential when it was located in an ocean of surrounding commercial uses. In fact, the property was also adja *239 cent to the large Walt Whitman Shopping Center, one of the largest in Long Island. This was a major factor in the Stevens decision (p. 356),
The situation here is unlike that in the Stevens case. Plaintiffs ’ property was always zoned residential before the development began; it was and is part of a comprehensive plan; the commercial activity surrounding the property, although great, is unlike the overpowering commercial activity found in the Stevens case. Then, too, the property is not adjacent to a large shopping center, and the shopping center is far smaller than the Walt Whitman Shopping Center in the Stevens case. (The town zoning map [Exhibit 1] and the diagram [Exhibit 2] do not seem to coincide.)
Plaintiffs also press Matter of Fulling v. Palumbo (21 N Y 2d 30, supra). This unusual case involved area variance and the court was called upon to review in an article 78 proceeding a decision which denied a variance to permit a building on a plot smaller than the ordinance required. The owner in the Fulling case merely requested the right to build on a substandard plot, the same right as the owners of many other adjoining and adjacent substandard plots. The denial of the owners application in that case was clearly unfair and unreasonable and the granting of a variance would not in any way have affected the community or any comprehensive plan. Then, too, at a prior time the Fulling plot conformed, but subsequent upzoning by the municipality made it unconforming. To repeat, the Fulling case was concerned only with a minimum plot size restriction imposed upon a plot owner surrounded by many other substandard plots.
Unfortunately, the language of the Fulling case is sometimes misinterpreted to apply generally to other zoning cases. Nevertheless, even using Fulling language as standard, plaintiffs have failed to establish significant economic injury or any financial loss. Plaintiffs have also failed to show that they have been deprived of reasonable use of their property.
Plaintiffs have failed to prove that the ordinance is unconstitutional beyond reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215). In other words, plaintiffs have failed to show that the invalidity of the ordinance is beyond being fairly debatable (Stevens v. Town of Huntington, 20 N Y 2d 352, supra).
The complaint is dismissed and judgment is granted in favor of defendant town.