■ WALTER J. SOCHA, Respondent, v. GILBERT E. SMITH et al., Constituting the Town Board of the Town of Glenville, Appellants.— STALEY, JR., J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 24, 1969 in Schenectady County, upon the decision of the court without a jury. On July 16, 1968 respondent, Walter J. Socha, the owner of 9.07 acres of land on the Van Buren Road in the Town of Glenville, County of Schenectady, applied to the Town Board for a zoning change from R-1-15 (single family residences) to R-3 (multiple dwellings). On September 3, 1968 he filed an amended application wherein the number of buildings proposed to be constructed was reduced from 17 to 12, and other conditions for the protection of the area acceptable to the applicant were specified. On September 17, 1968 a public hearing was held and, as the result thereof, the Town Board, on October 1, 1968, unanimously denied the application. On October 16, 1968 respondent commenced an article 78 proceeding against the Town Board alleging that the board's action was unconstitutional, an abuse of discretion, discriminatory, arbitrary, capricious, and rendered upon an error of law. Subsequent to submitting the article 78 proceeding to the court, the attorneys for the parties stipulated that the case be considered as an action for a declaratory judgment, and was then tried by the court without a jury. In this stipulation the parties also agreed that the parcel of land could be subdivided into only 16 lots for one family residences; that the lots would yield no more than $2,500 per lot; that the combined cost of the land and the cost of development would be $76,500; and that for single family development purposes the land would yield a net loss of about $32,000. In addition to this stipulation respondent produced expert testimony to establish that the land in question was irregular in shape; that a portion of the land is swampy; that to make a profit it would be necessary to construct homes valued at from $30,000 to $40,000; that there was little or no market in this area for homes in that price range; that the average value of the homes in the area was between $15,000 to $17,000; that the parcel of land was within 450 feet of a commercial area; that the land abuts a heavily traveled county road; and that a multiple family residence development would not adversely affect the neighborhood. Appellant town offered evidence as to the market value of five properties in the area only one of which was on Van Buren Road. This evidence was insufficient, however, to contradict the evidence as to average value on Van Buren Road as testified to by respondent's expert, and no evidence was introduced to contradict the remaining testimony of respondent's experts. By a written decision dated April 10, 1968 the court concluded that: "The Town of Glenville in the instant case offered no proof that there was any relationship between the restriction

of this ordinance and the health, safety, and welfare of this community. On the record before me, including the minutes of the proceedings before the Town Board and the argument of counsel, I must conclude that this ordinance is unconstitutional as it applies to the property in question ". Appellant town now contends that the court did not have jurisdiction over appellant or the controversy in that, although the parties stipulated that the case be treated as a declaratory judgment action and the court had the power under CPLR 103 (subd. [c]) to transform the improperly commenced article 78 proceeding into an action for a declaratory judgment, no order was entered to that effect. The court properly considered the article 78 proceeding as an action for a declaratory judgment. (*Matter of Mandis* v. *Gorski*, 24 A D 2d 181.) The mere failure to enter an order based upon the stipulation, or upon the court's written decision to retain jurisdiction and set the matter down for trial dated December 26, 1968, is not fatal. Since the court had jurisdiction of the parties in the article 78 proceeding, the court had the power under CPLR 103 (subd. [c]) to " make whatever order is required " for the proper prosecution of a civil proceeding not brought in proper form. In addition, appellant is estopped from raising the jurisdictional objection, since it stipulated to treat the proceeding as an action for a declaratory judgment. (*Morse* v. *Morse Dry Dock & Repair Co.*, 249 App. Div. 764.) The second point raised by appellant is that respondent failed to overcome the presumption of validity of the zoning ordinance. In this regard appellant argues that respondent took title to the property with full knowledge of the zoning restrictions and, that if any hardship exists, it was self-assumed. " Purchase of property with knowledge of the restriction does not bar the purchaser from testing the validity of the zoning ordinance since the zoning ordinance in the very nature of things has reference to land rather than to owner. * * * Knowledge of the owner cannot validate an otherwise invalid ordinance." (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 500.) Since respondent established that he would suffer a significant economic injury if the ordinance was enforced, the burden was then placed upon appellant to show " that the public health, safety and welfare will be served by upholding the application of the standard and denying the variance ". (*Matter of Fulling* v. *Palumbo*, 21 N Y 2d 30, 33.) Appellant offered no evidence to establish that the public health, safety, and welfare would be served by upholding the ordinance. While appellant argues that the proposed use of the land would cause an increase in traffic and increase in school age children in the area, there was no evidence presented that such increases would be detrimental to the public health, safety and welfare of the community. Here, no justification for the burden placed upon respondent's property has been demonstrated and, in the absence of such a demonstration, the respondent is entitled to succeed. (*Matter of Fulling* v. *Palumbo, supra.*) The property in question being unadaptable for single family residential use, " the existing ordinance, as applied to it, amounts practically to confiscation. It is, therefore, unreasonable and void in its application " to respondent's premises (*Stevens* v. *Town of Huntington*, 20 N Y 2d 352, 357), particularly where there is no evidence that a multiple family use would affect adversely the value of other premises in the area. (*Mardine Realty Co.* v. *Village of Dobbs Ferry*, 1 N Y 2d 902.) Judgment affirmed, with costs. Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.; Herlihy, P. J., and Cooke, J., dissent and vote to reverse and dismiss the complaint, in a memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting). As noted by the majority, the trial court properly acquired jurisdiction of the present proceeding as an action for a declaratory judgment. The respondent originally petitioned the Town Board to rezone his property

from R-1-15 (one-family residential) to R-3 (multiple family residential). In that petition he set forth the same reasons for rezoning that he now reiterates in this action for a declaratory judgment. Even though the parties agreed that the action "shall be construed for declaratory judgment", to be entitled to such relief it must appear that the proceeding comes within the concept of an action for a declaratory judgment. (See *Krieger* v. *Krieger,* 25 N Y 2d 364.) In the original proceeding, after a public hearing, the Town Board denied his request. When the "window dressing" is eliminated in this action, the respondent again seeks, in a different forum, a variance of the zoning ordinance. Part of the property in question has a "non-conforming" use which, if continued, might eliminate any economic loss, if such there be. The respondent's only problem, if any, is the amount of money which he paid for the property, knowing zoning restrictions and such alleged loss was self-imposed by the respondent. The purpose of the present proceeding is to adjudge the constitutionality of the zoning as applied to the respondent's property, and it is not to have the ordinance declared a nullity. (See *Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30, 33.) The *Fulling* case (*supra*) appears to hold that a showing of a severe financial loss by a landowner gives him sufficient standing to challenge a zoning ordinance restricting the use of his property. Neither the facts nor the rationale of that decision apply to the present situation, nor in that case was the ordinance found unconstitutional. Assuming *arguendo* that under the facts of this case the respondent has demonstrated such a severe financial loss, it nevertheless appears that the restriction does serve a legitimate public interest in maintaining and preserving the character of the particular area. (*Matter of Fulling* v. *Palumbo, supra,* p. 34.) In the *Fulling* case, the ordinance resulted in the subject premises being an island because the use sought was substantially the use being made of surrounding property. (See, also, *Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493.) In the present case, the granting of the relief requested will result in the respondent's property being an island because the surrounding area consists of single family residences with commercial activity not affecting the residential character of the subject premises. Under such circumstances, the legitimate public interest is apparent. The respondent has failed to show that the restriction to single family residences is confiscatory. In *Stevens* v. *Town of Huntington* (20 N Y 2d 352) the subject premises were located adjacent to a commercial area and would appear to have been very nearly an island as to the nature of the business operations around it and the highly traveled thoroughfare upon which it was located. As noted above, the present subject premises are not an island as to permitted use. While it was debatable as to the respondent being able to develop his property for single family residential use at a profit, he did not so eliminate such a possibility as to show a confiscation. It should be again noted that the respondent did not purchase an island as to use, but instead purchased the property with full knowledge of the permitted use and now attempts to create an island as to use. (Cf. *Vernon Park Realty* v. *City of Mount Vernon, supra,* pp. 500, 501.) Upon the present record the respondent has failed to establish a prima facie unreasonableness in the zoning such as was ascertainable in the cases of *Matter of Fulling* v. *Palumbo* (*supra*); *Stevens* v. *Town of Huntington* (*supra*); *Mardine Realty Co.* v. *Village of Dobbs Ferry* (1 N Y 2d 902); *Vernon Park Realty* v. *City of Mount Vernon* (*supra*). While it might appear from a reading of the memorandum decision in *Mardine Realty Co.* v. *Village of Dobbs Ferry* (*supra*) that it is controlling in the instant proceeding, such is not the fact. The *Mardine* case was instituted pursuant to a purchase agreement and the projected lot costs were based upon development costs per se and did not

include any purchase price of the subject property. Additionally, the trial court in *Mardine* found: "13. That the premises involved herein immediately adjoin other premises which are zoned and used for apartments and, consequently, multi-family use." In our present case there is no evidence of "multi-family use" upon any premises in the vicinity of the subject property and further, the alleged (stipulated) loss of $32,000 and the stipulated development costs of $76,500 reflect primarily the amount paid for the property. In *Mardine* there was a finding: "28. To rezone said premises for multi-family use * * * will not adversely affect the value of any other premises in the vicinity." In the present proceeding, Special Term made no such finding. It appears rather incongruous, under the circumstances, for one who purchased real property with knowledge of the zoning restriction to thereafter argue that the zoning ordinance was unreasonable and, therefore, unconstitutional and particularly so, when there is no showing of a change in the condition or character of the area and the property is reasonably adaptable to the zoned purposes. There is no obligation on the part of the appellant to assume any burden of proof. (See *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 121, 126.) The record demonstrates beyond any doubt that the public health, safety and welfare will be served by upholding the constitutionality of the ordinance as applied to the subject premises. The respondent has failed to overcome the presumption of the constitutionality of the ordinance (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288) and the present record affirmatively establishes the propriety of the present zoning of the subject premises and the action of the board was neither unreasonable nor arbitrary. The judgment should be reversed and the complaint dismissed.