T. Paul Kane, J.
Plaintiff, the owner of 30.85 acres of vacant land in South Albany, adjacent to a heavy industrial area, seeks a judgment declaring zoning ordinances of the City of Albany dated May 21, 1968 and May 2, 1966 which removed plaintiff’s property from a heavy industrial zone to single-family residence zone, void and of no effect as to plaintiff’s property, together *153 with injunctive and incidental relief. The action was tried before the court without a jury.
The property in question is in close proximity to the Port of Albany and in the area of the greatest concentration of industrial operation in the City of Albany. It is bounded on the south almost wholly by the Norman’s Kill, on the north and west by Old South Pearl Street and on the east by South Pearl Street Extension. The Norman’s Kill in this area forms the southerly boundary line of the City of Albany.
On April 21, 1924, the City of Albany adopted a zoning ordinance which placed plaintiff’s property in the heavy industrial zone, and it remained so classified until May 2, 1966 when it was rezoned to “ A ” residential.[1] This property is, and at all times has been vacant land. On May 21, 1968 the defendant City of Albany adopted a new and comprehensive zoning ordinance wherein the subject property is designated “R-l”, that is single-family residential; essentially the same classification as established by the amendment on May 2, 1966.
It is the plaintiff’s contention, among other things, that the ordinances in question are confiscatory in nature, in that they cause the plaintiff to suffer severe economic hardship; violate the provisions of a comprehensive plan; are purely arbitrary; and that they violate the purposes set forth in subdivisions 24 and 25 of section 20 of the General City Law.
The defendant City of Albany on the other hand contends that land for residential purposes is at a premium in the City of Albany; that there are two residential developments near the property in question and that the same is suitable for low or middle income housing developments which are needed because of the displacement of families from the South Mall project and other public or private improvements that have penetrated residential areas. The defendants in their answer also set forth affirmative defenses including an allegation that the action for a declaratory judgment will not lie because the plaintiff has an adequate remedy at law.
This presents the question whether plaintiff is required to exhaust its administrative remedies by application for a variance prior to the commencement of the within action. Plaintiff is not required to pursue such a futile course, since a zoning map cannot be changed under the guise of granting a variance. *154 Under the restrictions placed upon plaintiff’s property, its rights are sufficiently invaded to afford to it the right to seek declaratory relief in a court of equity (Scarsdale Supply Co. v. Village of Scarsdale, 8 N Y 2d 325, 330; Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; Dowsey v. Village of Kensington, 257 N. Y. 221).
As to the merits of the action, it is necessary first to examine the provisions of the statute providing the authority for the regulations imposed by the ordinances in question. During the trial attempts were made to question the motives of the defendants in effectuating the changes precipitating this litigation, but this evidence was and is rejected by the court as irrelevant (2 Rathkopf, Law of Zoning and Planning, eh. 52). However, the purpose of the legislation is, of course, the concern of the court (Reformed Church of Mile Sq. v. City of Yonkers, 8 A D 2d 639).
Section 20 of the General City Law provides in part as follows:
“ Subject to the constitution and general laws of this state, every city is empowered:
“ 24. * * * to regulate the density of population in any given area, and for said purposes to divide the city into districts. Such regulations shall be uniform for each class of buildings throughout any district, but the regulations in one or more districts may differ from those in other districts. Such regulations shall be designed to secure safety from fire, flood and other dangers and to promote the public health and welfare, including, so far as conditions may permit, provision for adequate light, air and convenience of access, and shall be made with reasonable regard to the character of buildings erected in each district, the value of land and the use to which it may be put, to the end that such regulations may promote public health, safety and welfare and the most desirable use for which the land of each district may be adapted and may tend to conserve the value of buildings and enhance the value of land throughout the city.
“ 25. To regulate and restrict the location of trades and industries and the location of buildings, designed for specified uses, and for said purposes to divide the city into districts and to prescribe for each such district the trades and industries that shall be excluded or subjected to special regulation and the uses for which buildings may not be erected or altered. Such regulations shall be designed to promote the public health, safety and general welfare and shall be made with reasonable considera *155 tion, among other things, to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the direction of building development, in accord with a well considered plan.”
The legislative body of the defendant City of Albany has, in its judgment, determined that the area in question be used exclusively for residential purposes. This determination cannot be summarily disregarded and set aside upon the basis of a mere difference of opinion, nor may the court substitute its judgment for that of the legislative body (Euclid v. Amber Co., 272 U. S. 365). The test is one of reasonableness, as contemplated by the statute (G-eneral City Law, § 20, subds. 24, 25), and based upon the evidence produced upon the trial. In this regard the plaintiff offered testimony by a professional planner with impressive qualifications who made an in-depth study of the area surrounding plaintiff’s property. It was his considered judgment that the property in question was suitable for heavy industrial use and not for residential purposes. The foundation for this opinion was such that the court is compelled to give it great weight. Such a position seems completely justified in view of the fact that the professional planners for the defendant City of Albany arrived at the exact same conclusion. This comprehensive plan was completed at the request of the city in 1968 and contains the recommendation that the property in question remain as heavy industrial. Contained within the report is substantial documentation for the conclusion of this land use.
Thus the action of the defendants on May 2,1966 and its inclusion in the ordinance of May 21, 1968 as it affects plaintiff’s property was not in accordance with a comprehensive or well-considered plan as required by law. There remains the question whether this action by defendants was calculated to benefit the community as a whole and in the best interests of the health, safety or welfare of that community. The weight of the evidence requires an answer in the negative. While the express purpose of the city for reclassifying this property is a desirable objective, even if it were accomplished and realized, it would provide only a limited benefit to be derived by the community in general.
With respect to the economic impact of the change in zoning to the plaintiff, there was proof that the subject premises when zoned for heavy industrial use was valued at approximately $12,000 per acre. As presently zoned its value appears to be approximately $6,500 per acre based upon a firm offer of purchase from Inter-Faith Better Homes Development Corp. dated *156 May 19, 1970, which contemplated its development for low income housing. A similar development presently exists near plaintiff’s premises, but beyond what has been described as a “ natural barrier ” separating two zoning districts.[2] Although there is no evidence of the present day value of plaintiff’s property as a heavy industrial area, the expert consensus indicates such a value would be at least the sum of $12,000 per acre. It seems clear there is great disparity in value and the- economic impact upon plaintiff has resulted in severe financial loss. If this be the case, it must then be shown that the public health, safety and welfare will be served by application of this zoning restriction (Matter of Fulling v. Palumbo, 21N Y 2d 30). There was testimony before the court by a number of city officials, including the Mayor and the President of the Common Council, establishing a position as to the need for residential development within the city. This is treated at length in the General Plan of the City of Albany and provided for therein, but not in the area of plaintiff’s property which the planning consultants identify as tied in physically with the Port of Albany. Furthermore, access to these premises is along New York State Route 32-144 in a heavily traveled, highly industrialized area. The percentage of use by large tractor-trailers is high, for there are numerous trucking concerns in the adjacent areas as well as other types of industrial activity that demand the use of heavy trucking in continuous operation. It cannot be said that land of the plaintiff is reasonably adapted for residential use (Cordts v. Hutton Co., 146 Misc. 10, affd. 241 App. Div. 648, affd. 266 N. Y. 399). Heavy industrial areas should be insulated from other use districts to avoid nuisances. The test again is one of reasonableness upon all the facts and circumstances (Stevens v. Town of Huntington, 20 N Y 2d 352; 101 C. J. S., Zoning, § 68).
As indicated above, it is not the proper function of a court to legislate zoning districts, and when faced with an issue such as the one presented, there should be no lingering doubts as to the efficacy of the court’s determination. Indeed, it is the burden of the plaintiff when attacking the constitutionality of a zoning ordinance not only to overcome the presumption of constitutionality, but demonstrate its unconstitutionality ‘ ‘ beyond a reasonable doubt ” (Wiggins v. Town of Somers, 4 N Y 2d 215).
From the evidence before the court and an examination of controlling authorities, the court is compelled to conclude that *157 the restrictions placed upon plaintiff’s premises are unreasonable and void in their application to the property in question. Accordingly, and for the reasons stated, which shall constitute the findings of the court, plaintiff is entitled to the relief requested as it applies to its property.

. The ordinance of May 2, 1966 merely amended the ordinance of April 21, 1924 by reclassifying plaintiff’s property and two other parcels nearby and owned by the County of Albany from heavy industrial to “A” residential.

. There is some question whether a permit for such construction could properly issue for other than single-family detached residences without further administrative or legislative action.