SZELEGA ENTERPRISES, INC., et al., Respondents, *v.* TOWN OF VESTAL, Appellant, et al., Defendants.

Third Department, May 20, 1971.

*David H. Cohen, Town Attorney,* for appellant.

*Robert R. Clobridge* for respondents.

COOKE, J. This is an appeal from a judgment of the Supreme Court in favor of plaintiffs, entered May 7, 1970 in Broome County, upon a decision of the court at a Trial Term without a jury which determined that the provisions of article 11 of the Code of the Town of Vestal prohibiting the use of plaintiffs' premises for other than residential purposes and prohibiting the use thereof for a golf driving range and miniature golf course were unconstitutional and void as applied to said premises.

Respondents, pursuant to a contract made on October 18, 1967 and which granted the immediate right of possession, purchased an undeveloped tract of approximately 25 acres on the south bank of the Susquehanna River in the Town of Vestal, Broome County. At the time of purchase and since, the premises had been zoned RA 1 and 2, one and two family residential, and, at the time of purchase, the zoning ordinance of the Town of Vestal permitted the granting of special permits for "Golf Clubs and other recreational uses" within residential districts. In January and September of 1968, they were denied such special permits on the ground that the driving range and miniature golf courses desired by them were not permitted by the zoning code and, on November 18, 1968, the code was amended so as to exclude such uses. Thereafter, respondents were denied a residential dwelling building permit, because of an ordinance height restriction for structures in an unprotected flood area, and the Town Board denied a petition to rezone the premises to C-3 (commercial), despite the recommended approval of the Broome County Planning Board.

Assuming, without deciding, that Local Law No. 17 of the year 1969 would authorize topsoil stripping in residential zones, the complaint alleges factors which, if proved, would entitle respondents to a declaratory judgment (*Scarsdale Supply Co. v. Village of Scarsdale*, 8 N Y 2d 325, 328).

The power to enact zoning laws is subject to the constitutional limitation that it may not be exerted arbitrarily or unreasonably and this is so whenever the zoning ordinance precludes the use of the property for any purpose for which it may be reasonably adapted (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 498–499; *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 232). A landowner, in attempting to prove that a zoning ordinance is unconstitutional as applied to his parcel may succeed by demonstrating that the grade or other physical feature of his property renders it unfit for the uses permitted by the ordinance (*Johnson* v. *Apton*, 18 N Y 2d 668; *McConnell* v. *Incorporated Vil. of Tuckahoe*, 25 A D 2d 441; Anderson, Zoning Law and Practice in New York State, § 2.16).

The town code provided that no building may be erected within an unprotected flood area unless the first floor of the building is above the flood level recorded in 1936, the subject premises being within such an area and 10 feet lower than said flood level. Appellant concedes and the proof shows that it would be economically infeasible to fill the parcel for residential use.

A special exception permit applies to a use expressly permitted by the zoning ordinance (*Matter of Simensky* v. *Mangravite*, 16 A D 2d 977, affd. 12 N Y 2d 908; 2 Rathkopf, Law of Zoning and Planning in New York State [3d ed.], ch. 54, § 1). Testimony was offered by respondents that along the river bank there are approximately three feet of topsoil which, if removed, would result in a completely flooded plain. Appellant's engineer testified that there were one and a half to two feet of suitable topsoil and that about 20% of the property was flooded every year. The ordinance required that, upon stripping, there shall be left or replaced not less than six inches of topsoil upon the surface. There was no proof that the material beneath the topsoil was of such a nature that it could be developed so as to be satisfactory for topsoil purposes. The fact that the supply of available topsoil would be depleted in a relatively short time, with no further possible use for the parcel, and the resultant substantially increased flooding of respondents' tract demonstrate that the instant premises were not reasonably adaptable for topsoil stripping, as claimed. Furthermore, the trial court's determination is supported by the testimony of respondents' appraiser, with construction experience and education, who testified that a stripping operation would not be economically feasible due to an inadequate depth of topsoil.

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SIMONS, JJ., concur.

Judgment affirmed, with costs.