Jack Stanislaw, J.
Plaintiff is the owner of a parcel of real estate on Sunrise Highway, Town of Islip, Suffolk County, lying in a Business 1 Zoning District, on which it seeks to construct a gasoline service station (a use not permitted in such district under the town’s present zoning law). The complaint alleges 12 causes of action for judgment declaring plaintiff’s rights with respect to the utilization of its property and the validity of the zoning ordinances affecting same.
On this motion, plaintiff seeks summary judgment on its fifth, sixth, seventh and eighth causes of action, and severance of the remaining 8. Defendant town cross-moves for summary judgment in its favor on all 12 causes.
The answer denies the material allegations of each cause and requests judgment dismissing the complaint. In an action for declaratory judgment, even if the plaintiff does not prevail, “ the complaint should not be dismissed and the judgment should set forth a declaration of the rights of the parties (Town Bd. of Town of Poughkeepsie v. City of Poughkeepsie, 22 A D 2d 270, 276; Lanza v. Wagner, 11 N Y 2d 317, 334; Prendergast v. Gurevich, 11 N Y 2d 1082, 1084; Jewish Center of Mt. Vernon v. Mt. Eden Cemetery Ass’n., 12 N Y 2d 773, 775; Rockland Light & Power Co. v. City of N. Y., 289 N. Y. 45, 51; Connecticut Fire *648 Ins. Co. v. Williams, 9 A D 2d 461, 463; Civil Service Forum v. N. Y. City Tr. Auth., 4 A D 2d 117, 129).” (Connolly v. Incorporated Vil. of East Hills, N. Y. L. J., June 3, 1969, p. 18, col. 8.)
The court, therefore, is called upon to consider the following questions with respect to each of the 12 causes alleged: (1) are any or all subject to summary disposition; and (2) if so, what are the respective rights of the parties regarding same.
In the first cause of action, plaintiff alleges the history of the enactment of the various zoning ordinances affecting his property from 1928 to the present time and claims that two particular ordinances, enacted in 1956 and 1967 respectively are unconstitutional, void and unenforceable, as they affect the subject premises, in that their enforcement will cause plaintiff “ severe financial loss and significant economic injury.” In Matter of Fulling v. Palumbo (21 N Y 2d 30) (an article 78 proceeding), it was held that where a property owner applies to a zoning board of appeals for an area variance, on the ground that enforcement of the ordinance affecting his property will cause him to suffer ‘1 significant economic injury ’ ’, and the application is denied without a showing* by the board that the public health, safety and welfare will be served by enforcement of the ordinance, the denial will be deemed an abuse of discretion and the ordinance declared unconstitutional as applied to the property. But that rule, based upon “ significant economic injury ”, has not yet been extended to declare a use ordinance unconstitutional in a plenary action (where no prior application had been made to the zoning board of appeals for a variance or change of zone under the present zoning* ordinances affecting the premises and the decision of the board denying such application is not in issue).
Although it was noted, in Levitt v. Incorporated Vil. of Sands Point (6 N Y 2d 269, 273), that a property owner’s failure to apply for a variance does not preclude him from raising the issue of confiscation in an action to declare a zoning ordinance invalid, the court held: ‘ ‘ Mere lessening of profits as here, or even economic loss to an affected property owner, does not render a zoning ordinance confiscatory and thus unconstitutional in its application (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302).” (Emphasis supplied.) Matter of Fulling v. Palumbo (supra) by no means diminishes the significant distinction, drawn by the court in the Levitt case (supra), between confiscation and economic loss. That distinction, we ^ hold, applies as well even to “ severe financial loss and significant economic injury”. We cannot, therefore, declare the disputed ordinances invalid on the grounds relied on by plaintiff in the *649 first cause of action. Our holding is the same with respect to the ninth cause since it, too, is grounded upon financial loss and economic hardship.
Nor can we declare, as requested in the second and third causes of action, that the ordinances are invalid as applied to plaintiff’s property, on the ground that defendant is estopped from demonstrating, or has waived its rights to claim, that the public health, safety and welfare or some legitimate purpose will be served by enforcing said ordinances with respect to plaintiff’s property, by reason of its prior approval of other applications to rezone properties in the vicinity from Business 1 to Business 3, permitting the erection of gasoline service stations thereon. The tenth and eleventh causes of action are predicated upon similar grounds of waiver and estoppel and are likewise insufficient to invalidate the ordinances as they affect plaintiff’s premises.
Nor are the statutes unconstitutional on the grounds relied on by plaintiff in the sixth and seventh causes of action, where it is alleged that they were not enacted in accordance with a comprehensive plan or are in violation of the town’s comprehensive plan and the Town Law of the State of New York and that they constitute and mandate spot zoning (Rogers v. Village of Tarrytown, 302 N. Y. 116).
Nor do we find the ordinances sufficiently vague and ambiguous, as applied to plaintiff’s property, as to amount to a denial of due process, as alleged in the eighth cause of action.
By way of a fourth cause of action, plaintiff claims the ordinances are unconstitutional on the grounds that their enforcement would destroy a substantial part of the value of its property by precluding the particular use to which it is “ most reasonable [sic] and readily adapted”, thus rendering such enforcement “ arbitrary, capricious and unreasonable and confiscatory ”. Confiscation would, indeed, render the ordinance invalid (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493). But that is a conclusion of law, involving consideration of all of the facts, including the permissible uses provided for under the existing ordinances, the nature and use of the neighboring properties, and the special circumstances surrounding the subject premises.
Accordingly, we hold that the issue of confiscation raised on the fourth cause of action, as well as the claim of discrimination as alleged in the fourth and twelfth causes of action, presents triable questions of fact (Udell v. Hass, 21 N Y 2d 463) not amenable to summary disposition. Those causes, therefore, shall be severed and the issues involved reserved for trial.