■ Carnat Realty, Inc., Appellant, v. Town of Islip, Respondent.— In an action (1) to declare certain provisions of defendant's zoning ordinance unconstitutional and that plaintiff is entitled to a permit to erect a gasoline service station and (2) for an injunction, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered July 2, 1969, which, inter alia, denied its motion for summary judgment upon 4 of its 12 causes of action and granted in part defendant's cross motion for summary judgment on all the causes. Order modified, on the law, by striking therefrom all the decretal paragraphs except for the first and by substituting therefor a provision denying defendant's cross motion. As so modified, order affirmed, without costs. Plaintiff owns certain real property on Sunrise Highway, in Bohemia, Town of Islip. On September 11, 1956, the Islip Town Board amended section 5 of the town's zoning map (section 5 covers West Sayville-Oakdale) so as to rezone from "Residence" to "Business" all property (with specified exceptions) situated within 385 feet north and south of the center line of Sunrise Highway and between definite points from east to west, thereby placing plaintiff's property in the "Business" district, in which only certain designated business uses were permitted. This amendment became effective on October 1, 1956 and, so far as appears, created the only district then zoned for business. The Town Board enacted a second amendment to the ordinance on the same day, also effective October 1, 1956, so as to create additional business districts designated as "Business 1", "Business 2" and "Business 3", the latter two being more permissive than the first. When these amendments became effective, all the properties on both sides of Sunrise Highway, including plaintiff's, which had previously been zoned as "Business" were rezoned as "Business 1", but no property was actually zoned as within the contemplated "Business 2" or "Business 3" districts. Within a few years thereafter, six small parcels of property were rezoned from "Business 1" to "Business 2" or "Business 3", all at the request of interested property owners. Plaintiff applied in 1966 for a change in zoning classification, but its application was denied. On or about December 12, 1967, the Town Board enacted a revised zoning ordinance which is presently

in effect and which carried over the prior multiple classification of business districts. On August 8, 1968, plaintiff commenced the present action for, *inter alia*, judgment declaring the second 1956 amendment and the 1967 revised ordinance unconstitutional with respect to its property, principally on the ground that the enactments were unconstitutionally discriminatory and violative of the comprehensive plan of the defendant Town. In our opinion, triable issues of fact are presented as to all of plaintiff's causes of action, which issues must be resolved before the question of constitutionality can be determined. What is challenged in the instant case is the manner of providing for "Business 2" and "Business 3" districts. These two business districts are described in the ordinance, but not specifically located, and are to be located on application by individually interested property owners. In the past these districts were located in an apparently haphazard manner. Whether in point of fact the new zones were established in accordance with the town's comprehensive plan and whether the zoning ordinance as amended and revised is unconstitutionally discriminatory can only be resolved after the town is afforded an opportunity to explain or justify the ordinance and the application thereof (*Udell* v. *Haas*, 21 N Y 2d 463). Furthermore, the so-called "floating zone" concept upheld in *Rodgers* v. *Village of Tarrytown* (302 N. Y. 115) is not applicable. *Rodgers* and the cases allowing "floating zones" concern those situations where, firstly, new or specialized uses are contemplated but had not been considered at the time the districts were originally drawn, and secondly, where the applicable zoning ordinance requires a substantial minimum acreage for such newly-created zones (*Rodgers* v. *Village of Tarrytown, supra*; *Thomas* v. *Town of Bedford*, 11 N Y 2d 428; *Rogers* v. *North Amer. Philips Co.*, 37 Misc 2d 923). Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur. [60 Misc 2d 647.]