119 N.J. Super. 433 (1972)
292 A.2d 35
FRANK SCHERE, PLAINTIFF-APPELLANT, AND JACOB BLACK; ANNA BLACK; DAVID ROBINSON; LILLIAN ROBINSON; PLAINTIFFS,
v.
TOWNSHIP OF FREEHOLD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT. LAWRENCE COHEN; BARBARA COHEN; AND SALLY TANNENBAUM, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF FREEHOLD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1972.
Decided June 23, 1972.
*434 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. William R. Blair, Jr. argued the cause for appellants (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. John A. Kaye argued the cause for respondent.
*435 PER CURIAM.
We are satisfied from an examination of the whole record that the large parcels of land owned by the respective plaintiffs are, in very substantial degree, rendered beyond practical, reasonable utilization under the restriction thereof by the zoning ordinance of one-family residential development to lots of a minimum of 40,000 sq. ft., or almost an acre (R-40).
One of these tracts is 200 acres in area and the other is 100. Aside from one-family residences, these properties were restricted under the ordinance as of April 12, 1971, to farming, and, by way of special use exception, to garden apartments or planned adult communities. On September 27, 1971 the ordinance was amended to exclude garden apartments. On this appeal we are controlled by the current status of the ordinance. While plaintiffs might perhaps be required to attempt to devote at least part of their lands to the planned adult community use (if they can qualify therefor under the ordinance) before pleading confiscation, it certainly would not be reasonable to require them to resort to use of all of these large parcels for such a special purpose before complaining of a plainly unreasonable zoning requirement in relation to the most natural current and prospective utilization of such substantial aggregations of land in a rapidly growing community and area  single-family residential development.
Strong and convincing evidence in the form of expert testimony and otherwise was adduced by plaintiffs demonstrating that these tracts were not feasibly developable for residences on 40,000 sq. ft. lots  which would entail selling prices of $50,000 and up. No comparable residential development abuts or is near either tract. Instead, there are surrounding uses for either industrial purposes, 25,000, 20,000 and 9,000 square-foot residential developments, or vestigial farming operations, with an expressway imminently projected for one side of the Wardell tract. There was no contradiction by any of defendant's witnesses of the fact that these properties were not developable for one-acre residences *436 in the reasonably foreseeable future. A prognostication by one defense witness that when all the land now zoned for 25,000 square-foot development is used up (whenever that will be) there will then ensue a demand for homes on 40,000 square-foot lots in the township seems to us sheer speculation, unrooted in any rational explanation based upon evidence.
The opinions of the plaintiffs' experts outlined above are strongly buttressed by the history, amply portrayed in the record, leading to the adoption of these zoning amendments. This indicates that the governing body's adoption of the restriction here involved was designed to inhibit residential development in the municipality at a rate which would outstrip what the town fathers thought the voters and taxpayers would accept in fiscal outlay to supply ancillary municipal services (schools, etc.). It is implicit in the record that the 40,000 square foot restrictions imposed for the R-40 zones were believed to be effective for that purpose as not industrially acceptable to prospective builders. This appraisal has been borne out by the fact that there has been little or no development of homes on 40,000 square-foot lots since that restriction was first adopted by Freehold in 1965.
We do not here suggest that fiscal considerations may not properly be given some weight in zoning. But we do aver that such considerations will not justify imposing substantial functional non-utilization of a property owner's lands. To do so is both confiscatory and to zone without "due regard to the character of the district and its peculiar suitability for particular uses." Raskin v. Morristown, 21 N.J. 180, 198 (1956). We are constrained to the conclusion that this is what has occurred here, and we find no substantial credible evidence to support the trial judge's finding to the contrary. Such zoning treatment of privately held lands is invalid. Morris County Land, etc. v. Parsippany-Troy Hills Tp., 40 N.J. 539, 557 (1963); Gruber v. Mayor and *437 Tp. Com. of Raritan Tp., 39 N.J. 1, 12 (1962). The presumption of validity of the questioned provision of the ordinance has been satisfactorily overcome.
It may also be observed that a deliberate governmental attempt to prevent by zoning the residential utilization of land, apt for the purpose, on behalf of the generality of the population in need thereof, in favor of reserving such land for future utilization by more affluent users, would seem to conflict with present-day judicial thought as to appropriate relationships between zoning policy and social housing needs. See Oakwood at Madison, Inc. v. Madison Tp., 117 N.J. Super. 11 (Law Div. 1971).
Defendant's argument that plaintiffs' rights to complain about the restriction are somehow depreciated because they purchased after the restriction was put into effect is without merit. See Wilson v. Mountainside, 42 N.J. 426, 452-453 (1964). Such a situation does not constitute a "self-created" hardship about which a property owner ordinarily may not complain. Ibid.
The zoning restrictions affecting residential development of plaintiffs' properties are herewith declared invalid and are set aside. The township is allowed 90 days from the filing of this opinion to adopt reasonable zoning restrictions affecting residential development of plaintiffs' lands. Upon the township's failure so to do plaintiffs may develop their properties without regard to the area restriction in question (and any others directly related thereto such as dimensions and yards), but subject to all other applicable provisions of the zoning and other pertinent regulations of the municipality. No costs.