JAMES E. FARMER & others *vs.* TOWN OF BILLERICA. August 28, 1980. This is an appeal challenging the decision of the Land Court which held valid an amendment to the Billerica zoning by-law adopted on May 26, 1970. In substance, the Land Court determined that pursuant to the 1970 amendment the plaintiffs are prevented from making any beneficial use of certain property owned by them. The plaintiffs appeal and claim that the ruling is confiscatory and unreasonable.

The undisputed facts are as follows. Article 7 of the warrant for a town meeting sought to rezone land owned by the plaintiffs from a residential district to a general business district. After article 7 was moved an amendment was offered "that there be a 700 foot buffer zone on the south side of Tower Farm Road from Boston Road and 200 feet south at the end of the 700 foot buffer." The article as amended was adopted. A motion to reconsider the action under article 7 was defeated.

There was no definition of a buffer zone in the Billerica zoning by-law. The building inspector has construed the buffer zone as excluding all building within the buffer zone. A 1974 zoning amendment changed the zoning classification of property abutting the buffer zone from neighborhood residence to a general business district but the rezoned district excluded the buffer zone. In 1976 the plaintiffs attempted to rezone the buffer zone to a general business district. The proposal was defeated and the buffer zone of 200 by 700 feet thereafter remained in effect.

In 1979 the building commissioner wrote to the plaintiffs that the 200 by 700 foot buffer zone must remain unbuilt and unused for any purpose. Thereafter the plaintiffs filed a complaint in the Land Court, G. L. c. 231A, c. 240, § 14A, and c. 185, § 1 (j ½).

The Attorney General, as amicus curiae, argues that the town's action here amounts to total confiscation and that "[i]f the town wants the property for the purpose it passed the buffer zone amendment, it should take it by eminent domain." The Attorney General also contends that the fact that the plaintiffs did not immediately object does not aid the town. "[M]ere acquiescence on the part of the owner for whatever period of time does not legalize a usurpation of power which violates rights protected by constitutional provisions." *Barney & Carey Co.* v. *Milton,* 324 Mass. 440, 445 (1949).

If the town meeting's action were construed as the town argues, the town would have placed the land beyond any practical use. The building inspector would not even permit the plaintiffs to build a fence. See *Phoenix* v. *Price,* 18 Ariz. App. 144 (1972); *Schere* v. *Freehold,* 119 N.J. Super. 433 (1972), cert. denied, 410 U.S. 931 (1973); *Vernon Park Realty, Inc.* v. *Mt. Vernon,* 307 N.Y. 493 (1954). R. Anderson, American Law of Zoning § 3.26, at 150 (2d ed. 1976). The town has misconstrued the consequences of the town meeting amendment. Any attempt under warrant article 7 to impose zoning requirements stricter than those then existing on the land would have been beyond the scope of that article. We decline to

construe the ambiguous reference to a buffer zone as undertaking to do more than the town meeting itself lawfully could do within the warrant article. All that the words "buffer zone" should be held to do is to exclude the artlessly defined area from the zoning change proposed under article 7.

We think therefore, that the amendment did no more than exempt three acres or so owned by the plaintiffs from the proposed change. There is no indication that the town meeting intended the land to be useless or that it intended to take the plaintiffs' land. At the time the amendment was adopted, the plaintiffs' land was primarily zoned as residential. Construing the zoning change in order to avoid its illegality and its possible unconstitutionality, we conclude that the amendment was intended to create a buffer zone next to the newly created general business district by maintaining in effect the then-existing zoning.

The judgment appealed from is reversed. The matter is remanded to the Land Court for entry of a judgment declaring that the locus designated a buffer zone by the May 26, 1970, vote may be used by the plaintiffs in accordance with the zoning classification in effect at that time subject to any subsequent zoning changes affecting the area.

*So ordered.*

*Alfred C. Walton (Kenneth A. Currie* with him) for the plaintiffs.
*Edward J. Owens* for the defendant.
*Howard R. Palmer,* Assistant Attorney General, for the Attorney General, amicus curiae, submitted a brief.