Giles, J.
Introduction
This cases arises out of an appeal by Julie Ann McDermott (“plaintiff’) of a decision by the Melrose Board of Appeals (“the Board”) in which the Board ruled that plaintiffs special permit had lapsed due to her failure to record the permit within two years. Plaintiff argues that, because the Melrose Zoning Bylaws (“the by-laws”) are silent regarding the lapse of special permits or a specific time limit for their recording, the Board’s decision should be overturned. The Board argues that, although the by-laws are silent on the time limit of special permits and their recording, the Massachusetts General Laws are not: according to G.L.c. 40A, §9, the zoning by-laws of a town dictate the time within which a special permit lapses, but in no event more than two years. For the following reasons, the defendant Board’s motion for summary judgment is ALLOWED; and plaintiffs cross-motion for summary judgment is DENIED.
Background
On or about December 13, 1990, the Board granted plaintiffs application for a special permit to allow her to use a portion of 35 Dexter Road in Melrose as her personal lodging when she was in Massachusetts. The granting of the special permit was mailed by the *240 Melrose City Clerk’s office to plaintiffs counsel on January 7, 1991.
Over nine years later, on March 28, 2000, the Building Commissioner for Melrose notified plaintiff that her special permit had not been recorded and, therefore, had lapsed. Shortly after receipt of the letter, plaintiff recorded her special permit with the Middle-sex South District Registry of Deeds. On May 18, 2000, plaintiff appealed the Building Commissioner’s ruling that the special permit had lapsed to the Board, arguing that the by-laws do not contain a special provision regarding the lapse of special permits or a specific time limit for recording On September 26, 2000, the Board unanimously voted to uphold the Building commissioner’s decision. The instant appeal ensued.
Discussion
I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of triable issues and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where all parties have moved for summary judgment and “in essence there.is no real dispute as to the salient facts or if only a question of law is involved, summary judgment shall be granted to the party entitled to judgment as a matter of law.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
II. Statutory Construction
The meaning of words and phrases in zoning ordinances are “a question of law ... to be determined by the ordinary principles of statutory construction.” See Framingham Clinic, Inc. v. Zoning Bd. of Appeals of Framingham, 382 Mass. 283, 290 (1981). Provisions of zoning by-laws should be read in the context of the law as a whole and interpreted according to common and approved usage as long as consistent with the statutory purpose. Id. In addition, zoning ordinances should be read to avoid illegality. Farmer v. Billerica, 381 Mass. 775, 776 (1980). Finally, “a city or town cannot adopt a new or amended zoning ordinance or by-law which conflicts with pertinent enabling legislation of general application.” Bartlett v. Board of Appeals of Lakeville, 23 Mass.App.Ct. 664, 670 (1987).
Plaintiff contends that, although G.L.c. 40A, §9 provides that zoning ordinances or by-laws must contain a lapse period not to exceed two years, the statute is directed at municipalities, not permit applicants like herself. She further argues that, because the Melrose by-laws do not incorporate the statutorily mandated time limit, the Board cannot hold plaintiff to it. These arguments are unpersuasive.
Although G.L.c. 40A, §9 does direct towns and cities to draft a time limit into their own laws, the statute also prescribes that the time period the town chooses cannot exceed two years. The legislative intent is clear from the unambiguous language of the statute. Special permit grants are not to exceed two years in any municipal zoning ordinance or by-law. Therefore, although Melrose failed to enact the required time period with regard to the lapsing of special permits, any time limit it may have implemented could not have exceeded two years.
Thus, plaintiffs failure to record her special permit for nine years cannot be excused in light of this clear statutory construction. A ruling by this court allowing plaintiff to circumvent the statute would be inconsistent with the statutory purpose and in conflict with the general laws. See Bartlett, supra at 670. The court declines plaintiffs implicit invitation to do so.
ORDER
For all the foregoing reasons, it is hereby ORDERED that the defendant Board’s motion for summary judgment be ALLOWED and that plaintiffs motion for summary judgment be DENIED.