◼   JULIUS M. GERZOF, Respondent, v. TOWN OF HUNTINGTON, Appellant.— In an action to declare a building zone ordinance unconstitutional insofar as it restricts respondent's property to residential use, the appeal is from a judgment entered after trial before an Official Referee in favor of respondent against appellant. Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Respondent's property is situated in an area which is zoned residential for a considerable distance in all directions, except for a parcel directly across Route 25A, which parcel has been operated as a restaurant for about 80 years. Knowing that the restaurant on the north side of Route 25A was zoned for business, respondent built an expensive house on his property because of the activity there. He used the house as a model to sell 35 other homes in a development about a half mile away. He built the house expensively because he expected to sell it to a professional man after it had served his other purpose. However, he has been unable to sell it at a price which he considers sufficient, although he has obtained a mortgage on the property in the sum of $23,500. Witnesses called by the parties have differed on the question whether the property is reasonably adapted for residential purposes. In our opinion, respondent has established at best that the validity of the zoning regulations insofar as they affect his property is fairly debatable. In such a case, the legislative judgment must be allowed to control. (Cf. *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115). Nolan, P. J., Ughetta and Kleinfeld, JJ., concur; Beldock and Hallinan, JJ., dissent and vote to affirm, with the following memorandum: The Official Referee found from the evidence, from the traffic conditions caused by the zoning of the restaurant across Route 25A as business, and from a personal inspection, that the property involved is not adaptable for satisfactory residential use and that the ordinance, in restricting respondent's property to such use, deprived him of his property. In our opinion, the findings are in accord with the weight of the evidence.