CHUSUD REALTY CORP., Respondent-Appellant, v. VILLAGE OF KENSINGTON et al., Appellants-Respondents.— In an action to declare void and unconstitutional the zoning ordinance enacted by the defendant Village of Kensington on February 9, 1926, insofar as it affects property owned by plaintiff in the

village, and for other relief, the parties appeal as follows from a judgment of the Supreme Court, Nassau County, entered October 18, 1963 upon the decision and opinion of the court (40 Misc 2d 259) after a nonjury trial, and from an order of said court entered November 14, 1963: (1) Defendants, Village of Kensington, its Mayor and its Trustees, appeal: (a) from the judgment which declares such zoning ordinance, as amended, insofar as it affects property owned by plaintiff in such village, to be arbitrary, unreasonable, unconstitutional and void; and (b) from so much of the order as provides that, in lieu of an undertaking on appeal, the liability of defendant village to plaintiff for damages by reason of defendants' appeal be limited to $50,000. (2) Plaintiff cross-appeals from so much of the order as limits to $50,000 the amount of the damages which plaintiff may recover from defendant village. Judgment and order, insofar as appealed from by the respective parties, affirmed, with one bill of costs to plaintiff, payable by the defendant village. (See *Dowsey* v. *Village of Kensington*, 257 N. Y. 221.) In our opinion, *Dowsey* v. *Village of Kensington* (*supra*) is basically determinative of the instant action. In *Dowsey*, the ordinance here under attack was declared invalid with respect to a vacant parcel of comparable property situated immediately south of the land of the present plaintiff. Like the vacant land here, the land in *Dowsey* fronted upon Middle Neck Road. In 1931 in *Dowsey*, in the light of the existing improvements on Middle Neck Road for apartment and business uses, the court found the land to be restricted in a confiscatory manner when its development was limited, as at bar, to the available use of detached one-family dwellings. The record in the instant case, made some 30 years subsequent to *Dowsey*, supports the view of the learned Special Term that the continued development and utilization of Middle Neck Road throughout the Great Neck area for apartment house and other commercial uses would make the sale of residences along Middle Neck Road as economically unfeasible today as it was in 1931. We hold the instant case to be indistinguishable from *Dowsey* v. *Village of Kensington* (*supra*). The fact that in *Dowsey* the same person owned the property before and after the zoning ordinance took effect in 1926 and could have freely erected an apartment house prior to the effective date of the ordinance is immaterial. Such continuous preordinance ownership can have no legal effect upon the instant plaintiff which concededly purchased its property with full knowledge of the existing zoning restrictions. Defendants contend that the instant plaintiff, unlike the plaintiff in *Dowsey*, suffered no diminution in value by newly imposed curtailments of prior permitted uses. This contention is untenable, since one who purchases property subject to zoning ordinance restrictions is not precluded from thereafter bringing an action to invalidate the ordinance on the ground that its restrictions prohibit the use of the property for any purpose for which it was reasonably adapted and destroy the greater part of its value (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 498–499). The right so to challenge the validity of a confiscatory ordinance is not to be confused with article 78 proceedings to review a discretionary determination of zoning officials where the lack of good faith or lack of status may attach to a suitor who took his land with knowledge of the existing restrictions. Where the ordinance is assailed on constitutional grounds, judicial scrutiny of the zoning ordinance is confined to the land on which it operates and is not directed to the personality of the ownership "since the zoning ordinance in the very nature of things has reference to land rather than to owner" (*Vernon Park Realty* v. *City of Mount Vernon, supra*, p. 500). Consequently, in establishing its case, the plaintiff here was entitled to show the gross disproportion between the lesser value of the subject property as presently zoned, and its greater value if

zoned for the apartment house and store use for which the proof indicated it was reasonably adapted (*Dowsey* v. *Village of Kensington, supra*). Since similar proof was specifically received in *Dowsey*, it was error for the learned Special Term (see 40 Misc 2d 259) to have excluded from the record the plaintiff's expert testimony that, when zoned for apartment house use, the subject property was worth $670,000. This error became all the more prejudicial by reason of the other testimony that the property was worth from $40,000 to $120,000 if confined to the available uses. Of course, the excluded testimony as to value was not admissible to show the landowner's economic loss which, standing alone, would not render the ordinance invalid (*Levitt* v. *Incorporated Vil. of Sands Point,* 6 N Y 2d 269, 273). It was relevant and admissible, however, to demonstrate that the continued application of the zoning ordinance would destroy the greater part of the value of the subject property and would preclude the owner from any proper use to which his property was reasonably adapted (*Vernon Park Realty* v. *City of Mount Vernon, supra*; *Dowsey* v. *Village of Kensington, supra*). With respect to the order, made pursuant to statute (CPLR 2512; Village Law, § 334), limiting to $50,000 the extent of the village's liability by reason of its appeal from the judgment, we believe, in view of all the circumstances, that such limitation was proper. (For opinion at Special Term, see 40 Misc 2d 259.) Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.