■ H. J. E. REAL ESTATE, INC., Appellant, v TOWN OF HEMPSTEAD, Respondent.—In an action for a judgment declaring the zoning of the plaintiff's premises as "C" Residence illegal, unconstitutional and void, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered January 29, 1976, which, after a nonjury trial, dismissed the complaint. Judgment modified, on the law, by deleting therefrom the provision which dismissed the complaint and substituting therefor a provision declaring that plaintiff failed to sustain its burden of establishing that the ordinance, insofar as it affects the subject property, is unconstitutional and void. As so modified, judgment affirmed, with costs to defendant. The findings of fact are affirmed. (See *Lanza v Wagner,* 11 NY2d 317, 334.) It is our opinion that the plaintiff has not met its burden of proving that the ordinance in question is confiscatory and, accordingly, unconstitutional (see *Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468). Although the plaintiff, through its witnesses, admitted that the real property in question was valued at $126,000 as it is presently zoned, it failed to adduce, for the record, the original purchase price. Accordingly, it cannot be determined on this record whether the plaintiff may obtain a reasonable return on his investment as the property is presently zoned. Plaintiff also failed to adduce "dollar and cents" evidence to establish that it was economically unfeasible to continue to use its property as a nursery. In view of the plaintiff's president's admission that 10% of the premises is utilized for planting, it may be said that the accessory use of selling greenery, for which the plaintiff uses its property, is permitted under the zoning ordinance (see 1 Anderson, New York Zoning Law and Practice, § 11.28, p 537). It is our opinion that whether the trial court was authorized by counsel to inspect the premises is of little importance herein. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.

■ BARBARA HODABA et al., Appellants, v ST. AGNES HOSPITAL et al., Defendants, and SHELDON B. LIPPERT, Respondent.—Appeal by plaintiffs from (1) an order of the Supreme Court, Westchester County, dated May 28, 1976, which denied their motion for permission to serve an amended bill of particulars and (2) as limited by their brief, so much of a further order of the same court, dated September 1, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated May 28, 1976 dismissed, as academic. That order was superseded by the order made on reargument. Order dated September 1, 1976 affirmed insofar as appealed from. Respondent is awarded one bill of $50 costs and disbursements to cover both appeals. The plaintiffs sought to amend their bill so as to add a new theory or cause of action. This they may not do (see *B. & F. Leasing Co. v Ashton Cos.,* 42 AD2d 652, 653); their motion was therefore properly denied. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.