In the Matter of HARRY SIEGEL, Respondent, v RICHARD TANGE et al., Constituting the Zoning Board of Appeals of the Village of Otisville, Orange County, et al., Appellants.

Second Department, January 23, 1978

**APPEARANCES OF COUNSEL**

*Samuel W. Eager, Jr.,* for appellants.

*Jacobowitz & Gubits (John H. Thomas, Jr.,* of counsel), for respondent.

Suozzi, J.

Petitioner acquired a parcel of property which comprised six lots on the property subdivision map on September 22, 1966, a year before the enactment of the village's subdivision ordinance and two years before the enactment of the Village Zoning Ordinance.

On October 27, 1966 petitioner obtained a mortgage as to one of the lots, Lot 1. That mortgage was thereafter foreclosed and title vested in a third party. In May, 1973, petitioner conveyed Lots 2 and 5 to Serden Land Development, Inc., a corporation in which he had an interest.

The subject of this proceeding, Lots 3 and 4, are adjoining lots. A single-family residence was built on each of those lots, as well as on Lots 2 and 5, many years prior to the enactment of the Zoning Ordinance of the Village of Otisville. Moreover, the boundary dividing line between the Village of Otisville and the Town of Mount Hope passes through each of the two subject houses, and each lot, therefore, is partly in the town and partly in the village.

During the month of July, 1973 petitioner applied to the Village Building Inspector for a permit to make repairs and improvements to the dwellings on Lots 3 and 4. By letter dated September 26, 1973, petitioner was advised by the Village Building Inspector, that prior to any action by his office, petitioner was obliged to make application "to the planning board for their approval and recommendation". The subdivision regulations of the Village of Otisville, adopted in 1967, require that the approval of the Village Planning Board be obtained prior to the subdivision of any parcel of land with or without streets into two or more lots.

Petitioner eventually filed his subdivision map with the Village Planning Board, but before gaining the latter's approval or disapproval of the subdivision, petitioner applied in early January, 1974 to the Village Zoning Board of Appeals for necessary area variances so that the two lots, and the dwellings thereon, could be separated in ownership and eventually sold as two distinct pieces of property.

During the pendency of that application before the Village Zoning Board of Appeals, the village board sent a letter to the petitioner on March 1, 1974, with copies to the Village Planning Board and Village Zoning Board of Appeals, advising

him that the village would permit extension of water mains and water service to the subject premises upon certain conditions, including approval of petitioner's application before the Village Planning Board.

Despite the fact that petitioner never obtained any determination from the Village Planning Board, either approving or disapproving his subdivision, the respondent Village Zoning Board of Appeals conducted hearings on petitioner's application for an area variance and originally denied the application in late June, 1974. Petitioner instituted an article 78 proceeding to review that denial and, pursuant to an order of the Special Term dated April 10, 1975, a new hearing was ordered. After that second hearing, the Village Zoning Board of Appeals again denied the application for the area variance on October 17, 1975. Petitioner then instituted this proceeding to review the latter determination of the Zoning Board of Appeals.

Although the Village Zoning Board, in its answer, did not mention that the two lots were partly in the town, it did allege, in the second paragraph of its answer, that there was a requirement upon petitioner to obtain approval from the Village Planning Board for his proposed subdivision and the fact that the letter of the village board dated March 1, 1974 was sent to him advising him of that requirement. These allegations were not denied in petitioner's reply and are, therefore, deemed admitted. It is uncontradicted on this record that petitioner has not received any determination from the Village Planning Board regarding his proposed subdivision.

Despite these allegations in the village's answer, the Special Term granted the petition and directed that the area variances be granted to petitioner.

■ The village, in its brief on appeal, ignores the significance of the fact that the petitioner had not initiated any action to obtain the necessary variances from the Town of Mount Hope and had not even given the town formal notice of his application to the village. The village has also apparently abandoned the defense in its answer relating to petitioner's failure to obtain a determination from the Village Planning Board regarding the proposed subdivision. Notwithstanding this posture of the case, it is our view that these factors mandate a dismissal of the petition.

■ It has been held that a municipality is without power to

impose its zoning regulations upon lands without its territorial limits (1 Anderson, New York Zoning Law and Practice [2d ed], § 5.15).

As heretofore noted, petitioner did not apply for any of the necessary variances for the Town of Mount Hope, in which the two lots are partially located; nor did the Town of Mount Hope appear formally in the hearings conducted by the Village Zoning Board of Appeals. It would, therefore, be inappropriate for the courts to act upon petitioner's article 78 proceeding until such time as he gives proper notice and makes proper application to the Town of Mount Hope for the necessary variances and obtains a detemination from that town on his application.

There is a second factor which mandates a reversal and dismissal of the petition herein.

It is undisputed that (1) the subdivision regulations of the Village of Otisville require the approval of the Village Planning Board to the proposed subdivision, (2) no such determination was ever made by the Village Planning Board and (3) petitioner was duly alerted to this requirement by the Village Building Inspector and the village board.

Moreover, apart from Lot 5 (petitioner alleges he has obtained approval to subdivide that lot), the record indicates that in addition to Lots 3 and 4, which are the subject of this proceeding, petitioner has already managed to convey Lots 1 and 2 without subdivision approval of the Village Planning Board and presumably will attempt to do the same in the future with respect to Lot 6. The history of this parcel, and petitioner's conduct with respect thereto, clearly evidences his disregard of the subdivision regulations of the Village of Otisville and an intention to circumvent them when possible. Under all of these circumstances, petitioner's application, by way of an article 78 proceeding, to have the courts direct the granting of area variances without the required input and determination of the Village of Otisville Planning Board can be construed as an attempt to circumvent the village's subdivision regulations. This court should not assist petitioner in this course of conduct or condone it in any way.

Accordingly, the order and judgment appealed from should be reversed and the proceeding dismissed on the merits.

TITONE, J. P., and COHALAN, J., concur; HAWKINS, J., concurs in result.

Judgment of the Supreme Court, Orange County, entered September 8, 1976 and order of the same court, dated July 15, 1976, reversed, on the law, with costs, and proceeding dismissed on the merits.