■ CHRISTOPHER RUSSO et al., Respondents, v TOWN OF EAST HAMPTON et al., Appellants. — In an action, *inter alia,* to declare the zoning of the plaintiffs' premises as "B-Residential" to be unconstitutional, defendants appeal from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated October 22, 1980, which, after a nonjury trial, *inter alia,* found the ordinance unconstitu-

tional as applied to plaintiffs' property and directed the defendant Town of East Hampton to rezone said property in a manner not inconsistent with the findings of the court. Judgment reversed, on the law, with costs, and it is declared that plaintiffs failed to sustain their burden of establishing that the ordinance is unconstitutional insofar as applied to plaintiffs' property. "[W]hen we deal with a challenge to the constitutionality of an ordinance as applied to a particular piece of property, the burden is entirely upon the challenger to demonstrate beyond a reasonable doubt that the property will not yield a reasonable return under any of the uses permitted by the zoning ordinance" (*Matter of National Merritt v Weist,* 41 NY2d 438, 445). Aside from plaintiff Christopher Russo's bare assertion that he would have to "fold * * * up" the business and "[s]ell the equipment off" if the ordinance was upheld as constitutional, plaintiffs never documented or proffered any "dollars and cents" testimony to establish that it was no longer economically feasible to continue to use the subject property as a nursery, a permitted use under the zoning ordinance. This is of particular significance, in view of the fact that approximately two years prior to the commencement of this action plaintiffs sought to be relieved of a condition imposed in an area variance granted to the plaintiffs, which prohibited the storage of nursery equipment and implements outside a 20-foot by 40-foot storage structure, because "the business grew" and plaintiffs needed additional storage space. Moreover, the conclusory testimony of plaintiffs' municipal planning witness that the property in question had "minimal" value as presently zoned is insufficient to prove the property could not yield a reasonable return (cf. *Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 259; *Spears v Berle,* 48 NY2d 254, 263-264). Since plaintiffs have failed to adduce "dollars and cents" evidence to establish that the subject property will not yield a reasonable return if the premises continue to be used as zoned, it is our opinion that plaintiffs have not met their burden of proving, beyond a reasonable doubt, that the ordinance in question is confiscatory and, accordingly, unconstitutional (see *H. J. E. Real Estate v Town of Hempstead,* 55 AD2d 927). Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.