■ JOHN A. REPICCI, Appellant, v JOHN R. SHARPE, as Supervisor of the Town Board of the Town of Amherst, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: Plaintiff, the owner of a house located in an area of the Town of Amherst zoned R-3, residential use, appeals from a judgment which dismissed his complaint and declared the town zoning ordinance constitutional and legal as it applied to these premises. In June, 1976, plaintiff agreed to buy this property for $110,000 conditioned upon it being rezoned for office use. This purchase contract was canceled when the rezoning application was withdrawn. Thereafter, plaintiff acquired the property for $87,000 without any conditions. Subsequent applications in 1978 and 1980 for rezoning were denied. Plaintiff then commenced this action seeking, *inter alia,* a judgment declaring that the zoning ordinance of the Town of Amherst, as applied to his property, was arbitrary, unconstitutional, confiscatory, discriminatory, contrary to the comprehensive plan and in violation of sections 261 and 263 of the Town Law. While one who knowingly acquires property for a prohibited use cannot obtain a variance of the zoning ordinance on the ground of hardship (*Matter of Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86, 89, cert den 340 US 933), he is not thereby barred from testing the validity of the ordinance (*Vernon Park Realty v City of Mount Vernon,* 307 NY 493, 500; *Chusud Realty Corp. v Village of Kensington,* 40 Misc 2d 259, affd 22 AD2d 895). However, when alleging that an ordinance is arbitrary and unconstitutional, the burden on plaintiff is proof beyond a reasonable doubt and only as a last resort will courts strike down legislation as unconstitutional (*Marcus Assoc. v Town of Huntington,* 57 AD2d 116, 117-118, affd 45 NY2d 501). Here, the town board sought to preserve the mix in the neighborhood by not permitting a medical center to replace a residence or to avoid creating a traffic problem where each parcel would have a driveway for business. Although we might find that there were better options available to meet the town's goals, an ordinance whose constitutionality is " 'fairly debatable' " should be upheld (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 92 AD2d 267, 271). Plaintiff's proof is deficient in several respects. The fact that the property would have a greater value to plaintiff if zoned as an office building is insufficient to overcome the presumption that the zoning ordinance is valid (see *Schwartz v Lee,* 28 AD2d 921, affd 22 NY2d 743). A zoning ordinance is not confiscatory merely because the property may not be put to its most profitable use but only where the owner is deprived of his right to make a reasonable use of the property (*Matter of National Merritt v Weist,* 41 NY2d 438, 445; *McGowan v Cohalan,* 41 NY2d 434, 436). Further, plaintiff has failed to establish beyond a reasonable doubt by " 'dollars and cents' " proof that the property as presently zoned will not yield a reasonable return (*Northern Westchester Professional Park Assoc. v Town of Bedford, supra,* p 272). Although the court did conclude the ordinance was constitutional, its decision does not include the factual findings on the question of discrimination. Inasmuch as the record is complete and the facts concerning discrimination are not in dispute, we will make the necessary findings rather than remit to the trial court (*Morgan Servs. v Lavan Corp.,* 89 AD2d 798, 799, mod 59 NY2d 796). An ordinance enacted pursuant to a comprehensive plan is entitled to the strongest possible presumption of validity (*Dodge Mill Land Corp. v Town of Amherst,* 61 AD2d 216, 220). Plaintiff calls our attention to an area map showing a hospital, a church and a medical office located in close proximity to

the premises as support for his position that the zoning ordinance, as applied to his property, is discriminatory. However, there is a substantial lack of proof in the record that the other properties, nearly identical to his, were treated differently. Plaintiff has failed to prove that he was singled out for zoning discrimination. We find that the plaintiff has failed to meet his burden on the question of discrimination and as to the impossibility of realizing a reasonable return for a use permitted by the zoning ordinance. (Appeal from judgment of Supreme Court, Erie County, Johnson, J. — declaratory judgment.) Present — Dillon, P. J., Callahan, Boomer, Green and Scnhepp, JJ.