■ In the Matter of THOMAS KENNEDY, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF DOBBS FERRY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry, which denied the petitioner's application for a variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered July 22, 1986, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

In the latter part of 1983, Thomas Kennedy contracted to buy approximately 17,700 square feet of land, which was intersected by the boundary line separating the Village of Dobbs Ferry from the Village of Hastings-on-Hudson, at the southeast corner of Scenic Driveway and Maplewood Avenue. On January 5, 1984, Kennedy, still as contract vendee, sought and obtained a subdivision of his land into two parcels from the Dobbs Ferry Planning Board. Parcel B, which was entirely within the limits of Hastings-on-Hudson, had an area of 10,002 square feet, just satisfying the zoning requirement of that village that a residential parcel contain a minimum of 10,000 square feet. During 1984 Kennedy built a home on parcel B, which he sold to Gary and Constance Wald in 1985.

Parcel A consisted of 7,704.6 square feet, of which 3,476 lay in the Village of Hastings-on-Hudson, and 4,228.6 fell within the Village of Dobbs Ferry. Dobbs Ferry, like Hastings-on-Hudson, permitted only residential construction in the area, and required a lot of at least 5,000 square feet.

Kennedy applied to Dobbs Ferry for a variance on November 21, 1983, and made the same application to Hastings-on-Hudson on January 7, 1984. The plan submitted showed a house straddling the municipal boundary line. On January 26, 1984, the Zoning Board of Appeals of the Village of Hastings-on-Hudson denied the petitioner's application. Nevertheless, on February 9, 1984, Kennedy purchased parcels A and B from his contract vendor. By the time of the Dobbs Ferry hearing on April 11, 1984, Kennedy had altered his plans for parcel A, proposing instead to build a somewhat smaller house entirely within the Dobbs Ferry border. Following the hearing, the Dobbs Ferry Zoning Board of Appeals denied Kennedy's application for a variance, concluding, *inter alia,* that no economic hardship existed, that Kennedy had not been deprived of the use of his property, and that any practical difficulty had been self-created. On October 12, 1984 the denial was upheld by the Supreme Court, Westchester County, following a CPLR article 78 proceeding. Although a notice of appeal was filed, the appeal was never perfected.

Kennedy's renewed application for a building permit for a house straddling the municipal boundary was denied by Dobbs Ferry in April 1985. His subsequent appeal to the Zoning Board of Appeals, alleging "practical difficulty" as well as an unconstitutional "taking," led to several hearing sessions between May and September 1985. In the midst of these, on June 28, 1985, his second application to the Hastings-on-Hudson Zoning Board of Appeals was denied. By its decision dated October 28, 1985, the Dobbs Ferry Zoning Board of Appeals also again denied his application.

By notice of petition dated November 25, 1985, Kennedy brought a CPLR article 78 proceeding alleging that the findings of the Dobbs Ferry Board were unconstitutional, arbitrary and capricious; that they failed to take into account his practical difficulty and financial injury; and that they were not supported by substantial evidence.

By the judgment appealed from, the court dismissed Kennedy's petition. We now affirm.

Judicial review of such matters is limited to determining whether a zoning board's action was illegal, arbitrary, or an abuse of discretion, and, if a hearing was held, whether a board's determination was supported by substantial evidence *(Matter of Fuhst v Foley,* 45 NY2d 441). As the court properly found, the Board's determination in the instant case was rationally based and was supported by substantial evidence.

It is well settled that "a municipality is without power to impose its zoning regulations upon lands without its territorial limits" *(Matter of Siegel v Tange,* 61 AD2d 57, 59). Dobbs Ferry therefore lacked jurisdiction to force Hastings-on-Hudson to accept the construction of an oversized home on a lot that was substandard under the latter's ordinances.

Moreover, the petitioner has failed to carry his burden of establishing that strict compliance with the zoning law will cause him "practical difficulties" and thereby justify the granting of an area variance. The court in *Human Dev. Servs. v Zoning Bd. of Appeals* (110 AD2d 135, *affd* 67 NY2d 702) identified four significant factors to be considered: (1) significant economic injury, (2) the magnitude of the desired area variance sought, (3) whether the "difficulty" alleged by the applicant was self-created, and (4) whether the alleged difficulty may be avoided by means other than a variance, which may be feasibly pursued by the applicant.

In the instant case, the petitioner conceded that no "economic injury" was claimed other than the obligation to pay taxes on property assessed at roughly $2,000 per year. This obligation hardly qualifies as a "significant economic injury" so great as to warrant a variance, when balanced against the evidence that the proposed new structure would violate the character of the neighborhood. Moreover, Kennedy has failed to present " 'dollars and cents' proof that the property as presently zoned will not yield a reasonable return" *(Repicci v Sharpe,* 96 AD2d 727, *lv denied* 60 NY2d 556, quoting *Northern Westchester Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, 272, *affd* 60 NY2d 492).

Moreover, the 15% variance requested from Dobbs Ferry has already been deemed to be of such magnitude as to have a severe impact upon the community in a prior decision by Judge Delaney regarding the petitioner's construction of a house entirely within the same 4,228.6 square feet of Dobbs Ferry property.

While self-imposed hardship alone will not necessitate the denial of a variance, courts have routinely confirmed such denials where, as here, "the substandard condition results from the owner's own decision to subdivide his property in such a way as to create one or more nonconforming plots" *(Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258, 261). The petitioner in the instant case, with prior knowledge of the concerned villages' zoning ordinances, applied for and obtained the subdivision of his own choosing, so that he may not

now complain that his property has been rendered unprofitable by anyone but himself.

Finally, there has been no demonstration by the petitioner that his land has been rendered "useless" in violation of his constitutional rights. A zoning ordinance is not unconstitutional as applied " 'merely because it prohibits a use which may be the highest and best use for the land' " *(Adamo v Town of Babylon,* 28 NY2d 982, 984). "Only evidence that the property cannot be profitably used, sold or leased under the zoning will entitle plaintiffs to have such zoning declared invalid as applied to their property * * *. Such proof generally entails a showing of the bona fide efforts made to use, sell or lease the property profitably under the * * * zoning" *(Dodge Mill Land Corp. v Town of Amherst,* 61 AD2d 216). The petitioner has made no such bona fide showing in the instant case, and he has presented no evidence that his alleged difficulties could not be avoided by feasible means other than a variance.

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.