■ In the Matter of Thomas Kennedy, Appellant, v Zoning Board of Appeals of the Village of Hastings-on-Hudson, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Hastings-on-Hudson, which denied the petitioner's application for a variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), dated July 16, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The factual and procedural background are set out in the companion case, *Matter of Kennedy v Zoning Bd. of Appeals* (145 AD2d 487 [decided herewith]).

The petitioner's first application for a variance to build a house on 7,704 square feet of land straddling the municipal boundary of Dobbs Ferry (4,228 square feet) and Hastings-on-Hudson (3,476 square feet) was denied following a hearing on January 26, 1984. This determination was never appealed.

The denial of his subsequent application of April 3, 1985, was affirmed by the Hastings-on-Hudson Zoning Board of Appeals on June 28, 1985.

Kennedy's instant CPLR article 78 proceeding alleged essentially the same "practical difficulties" and constitutional violations, as well as arbitrary and capricious behavior by the

Board, as enunciated in his November 25, 1985, petition in the Dobbs Ferry proceeding. He further alleged, in addition to his newly advanced constitutional arguments, that certain changed conditions distinguished the instant application from the one that had been rejected by the Hastings-on-Hudson Zoning Board of Appeals on January 26, 1984.

In the judgment appealed from, the court ruled that the unappealed 1984 determination of the Hastings-on-Hudson Zoning Board of Appeals was res judicata. The court nevertheless reconsidered and reaffirmed the denial of the petitioner's latest application on the merits.

In affirming, we note that all of the substantive issues raised by the petitioner, with the exception of his challenge to the res judicata ruling, have been addressed in our opinion in the companion case *(Matter of Kennedy v Zoning Bd. of Appeals, supra)*.

An examination of the parties, the property, the issues and the facts reviewed by the Hastings-on-Hudson Zoning Board of Appeals on January 26, 1984, confirms that they are essentially identical to those rereviewed on June 28, 1985. " 'Whenever any board, tribunal or person is by law vested with authority to judicially determine a question, such a determination, when it has become final, is as conclusive as though the adjudication had been made by a court of general jurisdiction' " and will therefore have res judicata effect *(Jones v Young,* 257 App Div 563, 566).

Moreover, the petitioner's alleged "constitutional" arguments could logically have been made during the earlier proceeding. "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307; *Matter of Reilly v Reid,* 45 NY2d 24, 28).

The petitioner was therefore precluded from relitigating his "practical difficulties" claim, as well as his "taking" contention in the 1985 hearing. Nonetheless, the Board of Appeals permitted him to remake all his arguments in 1985; and the Supreme Court, while noting the res judicata effect of the prior proceeding, also reconsidered and properly reaffirmed the denial of Kennedy's "new" application on the merits. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.