Thomas P. Halley, Esq. Informal Opinion Town Attorney No. 98-56 Town of Clinton 21 Alden Road Poughkeepsie, N Y 12603
Dear Mr. Halley:
You have requested an opinion regarding whether the Town of Clinton Zoning Board of Appeals [the "ZBA"] may take into consideration property located in the adjoining Town of Stanford in determining whether to grant an applicant's request for an area variance. The applicant's parcel is partially located in the adjoining Town.
Under section 5.6B(1) of the Town of Clinton Zoning Law, property owners must meet the minimum acreage requirements prescribed by law in order to keep, graze, feed or care for animals on their property. Section 5.6B(1) provides that:
 A minimum of two (2) acres shall be provided for the first one such horse, pony, cow, or similar large animal which is kept, grazed, fed or cared for on the property; an additional one (1) acre shall be provided for each additional large animal.
You informed us that the ZBA has received a request for a variance from a property owner who maintains a stable facility. The property owner would like to increase the number of animals grazing on his property beyond the number authorized under the local regulation. You also informed us that the total acreage in the parcel, when the portion located in the adjoining Town is considered, meets the minimum acreage requirements prescribed by section 5.6B(1). Accordingly, you have inquired whether the ZBA may consider the parcel as a whole, including the portion located in the adjoining Town of Stanford, in determining whether to grant the requested area variance. You have not asked and we make no determination whether an area variance is otherwise justified.1
Initially, we note that because the property owner is seeking an area variance to increase the number of animals grazing, the increase would affect the adjoining Town of Stanford where a portion of the owner's property lies. Any decision by the Town of Clinton ZBA regarding the requested area variance would necessarily affect the Town of Stanford. It is clear that a municipality may not impose its land use regulations on land outside its borders. Matter of Siegel v. Tange, 61 A.D.2d 57, 59-60
(2d Dept 1978).
In Matter of Siegel v. Tange, supra, the petitioner owned a parcel of property divided into six lots. Lots 3 and 4, the subjects of the proceeding, were each improved with a family residence. The boundary line between the Village of Otisville and the Town of Mount Hope passed through each of the houses. (These facts are analogous to the facts under review, in that the animals will roam throughout the parcel in both municipalities.) Petitioner applied to the Village Zoning Board of Appeals for area variances so that each of the two lots, and the houses thereon, could be sold as distinct pieces of property. The Village Zoning Board of Appeals conducted hearings on petitioner's application for an area variance and denied the application. Petitioner instituted an article 78 proceeding to review the determination. The Appellate Division decided that the court below should not have acted on petitioner's article 78 proceeding because the petitioner, in his application to the Village Zoning Board of Appeals, failed to notify the adjoining Town of the pending application for an area variance. Also, he did not make application to the adjoining Town for an area variance and obtain a decision on the application. Thus, the Appellate Division reversed, finding that it was premature to bring an article 78 proceeding to review the determination of the Village Zoning Board of Appeals.
Based on Siegel, if the Town of Stanford has a zoning law regulating the proposed use of the parcel, the property owner must make an application with the proper agency of the Town of Stanford for any required approvals or permits to insure compliance with the zoning laws of both jurisdictions. Additionally, the property owner must notify the Town of Stanford of the pending area variance request in the Town of Clinton and also must notify the Town of Clinton of any application made to the Town of Stanford since each application necessarily affects property located in the other. Such notification would permit both the Town of Stanford and the Town of Clinton to appear at any hearings regarding the pending applications. Because a municipality may not impose its zoning laws on another municipality, the property owner may need the approval of both Towns to increase the number of animals grazing on the parcel.
We also note that because the requested area variance affects property located within 500 feet of the boundary of an adjoining town, the request must be referred to the regional or county planning board for its consideration and recommendation. General Municipal Law §239-m.
We conclude that because the grazing of animals on the parcel of property necessarily affects property located in both the Town of Clinton and the Town of Stanford, the property owner must comply with the land use regulations of both Towns. Also, the property owner must notify the Town of Stanford of the area variance request pending in the Town of Clinton, and must notify the Town of Clinton of any application made in the Town of Stanford.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General