■ In the Matter of Stephen Zelnick, Respondent, v Roberta Small et al., Appellants. [702 NYS2d 105] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clinton, granting the petitioner's application for a variance to allow 32 horses to be stabled on his property only to the extent of granting a variance allowing 23 horses to be stabled, the appeal is from a

judgment of the Supreme Court, Dutchess County (LaCava, J.), dated February 23, 1999, which, *inter alia*, granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town of Clinton to issue the variance for 32 horses.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the Zoning Board of Appeals of the Town of Clinton to issue the variance, and substituting therefor a provision remitting the matter to the Zoning Board of Appeals of the Town of Clinton for a new hearing in accordance with General Municipal Law § 239-m (3) (b) and thereafter a new determination; as so modified, the judgment is affirmed, without costs or disbursements.

Stephen Zelnick is the owner of a 36-acre parcel of property, consisting of approximately 15 acres located in the Town of Clinton and approximately 21 acres located in the Town of Stanford. A stable with 23 horse stalls is located on the portion of the property within the Town of Clinton. Pursuant to the Town of Clinton Zoning Law § 5.39, operation of a public stable restricts the keeping of horses to one horse per acre. The petitioner applied for a variance, among other things, to keep 32 horses on the entire property. After holding a hearing on the matter, the Zoning Board of Appeals of the Town of Clinton (hereinafter the ZBA) denied the petitioner's application to keep 32 horses on the property, but granted a variance to allow 23 horses to be kept on the property.

The petitioner commenced this CPLR article 78 to review the determination of the ZBA. The Supreme Court, Dutchess County, annulled the determination of the ZBA and directed the ZBA to grant the requested variance to allow 32 horses on the subject property. We modify.

Judicial review of a determination made by a Zoning Board of Appeals after a hearing is limited to whether that determination was supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Kennedy v Zoning Bd. of Appeals,* 145 AD2d 487, 488). As the Supreme Court properly found, the determination of the ZBA was not supported by substantial evidence. In addition, the ZBA failed to apply the requisite balancing test required by Town Law § 267-b (3), and did not record its decision in accordance with Town of Clinton Zoning Law § 7.11 (B) (6). Thus, the court correctly annulled the determination of the ZBA. However, the court should have remitted the matter to the ZBA for a new determination.

It is well-settled that " 'a municipality is without power to impose its zoning regulations upon lands without its territorial

limits' " (*Matter of Kennedy v Zoning Bd. of Appeals, supra,* at 489, quoting *Matter of Siegel v Tange,* 61 AD2d 57, 59). Since more than half of the petitioner's property is located in the Town of Stanford, that town should have been notified of the proceedings before the ZBA and given the opportunity to appear formally before the ZBA (*see, Matter of Siegel v Tange, supra,* at 60). Moreover, pursuant to General Municipal Law § 239-m (3) (b) (i), a town is required to refer to the County Planning Agency or Regional Planning Council a proposed action which will affect real property within 500 feet of the boundary of any adjacent town. The alleged failure to comply with the referral provisions of General Municipal Law § 239-m is not a mere procedural irregularity, but rather is a jurisdictional defect involving the validity of a legislative act (*Matter of Ernalex Constr. Realty Corp. v City of Glen Cove,* 256 AD2d 336, 338).

The Town of Stanford was not notified of the hearing conducted by the Zoning Board, and no representative of the Town of Stanford was present. Therefore, in addition to the reasons previously stated as to why the determination of the ZBA cannot stand there is also the lack of notification to the Town of Stanford. Accordingly, the matter is remitted to the Zoning Board of Appeals for the Town of Clinton to afford the Town of Stanford the opportunity to participate in the hearing with respect to the petitioner's application, and for the Town of Clinton to comply with the referral provisions of General Municipal Law § 239-m (*see, Matter of Siegel v Tange, supra,* at 60). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.