■ In the Matter of ACTION REDI-MIX CORP., Respondent, v IRWIN S. DAVISON et al., Appellants. [739 NYS2d 411] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Mount Vernon, dated September 14, 1999, which, inter alia, upheld the determination of the Building Commissioner of the City of Mount Vernon that the petitioner is operating a concrete plant in violation of a zoning ordinance, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered September 19, 2000, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The petitioner, Action Redi-Mix Corp. (hereinafter Action), owns a parcel of property which lies in the City of Yonkers, the City of Mount Vernon, and the City of New York. In 1998 Action began operating a concrete batching plant, which it constructed on the portion of the property located in the City of Yonkers. Dry sand, gravel, and cement are stored in elevated silos, and from there these materials are fed into concrete trucks. As the truck travels to a job site, the materials are mixed with water inside the truck's tank. There is no dispute that the physical structures comprising the concrete batching plant are located entirely within the boundaries of the City of Yonkers. However, trucks gain access to the plant through the portion of the property located in the City of Mount Vernon. Approximately 25% of Action's property lies within the boundaries of the City of Mount Vernon in an industrially-zoned area, where the operation of a concrete batching plant is not a permissible use.

The Building Commissioner of the City of Mount Vernon determined that Action was operating a concrete batching plant

on the Mount Vernon portion of its property in violation of a zoning ordinance and issued a notice of violation in August 1998. Action challenged that determination and, following a public hearing, the Zoning Board of Appeals of the City of Mount Vernon (hereinafter the Mount Vernon ZBA) upheld the determination that Action was operating a concrete batching plant in violation of the zoning ordinance. Action then commenced this proceeding. The Supreme Court annulled the determination of the Mount Vernon ZBA and held that Action's use of its property located in the City of Mount Vernon complied with the zoning ordinance. We affirm.

The determination of a zoning board of appeals is entitled to deference and should be upheld where it has a rational basis and is supported by substantial evidence (*see, Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals,* 95 NY2d 437, 440; *Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton,* 273 AD2d 385). We agree with the Supreme Court, however, that the determination of the Mount Vernon ZBA is not supported by substantial evidence. The evidence at the hearing established that the portion of Action's property within the City of Mount Vernon was used by concrete trucks for ingress and egress to the plant, where they were loaded, for washing and parking trucks, and for the temporary storage of some raw materials. The permissible uses in an industrial zone under the zoning ordinance include a trucking terminal and the storage of industrial vehicles or construction supplies, and this property was used for the distribution of construction materials for decades prior to Action's ownership. Accordingly, the Supreme Court properly determined that Action's use of the property within the City of Mount Vernon was in compliance with the applicable zoning ordinance.

A municipality may not impose its zoning regulations upon lands outside its territorial limits (*see, Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Dobbs Ferry,* 145 AD2d 487, 489; *Matter of Siegel v Tange,* 61 AD2d 57, 59). The determination of the Mount Vernon ZBA amounts to an attempt to regulate a concrete batching facility located within the City of Yonkers. Whether the concrete batching plant is a permissible use under the zoning ordinance of the City of Yonkers has been the subject of much litigation (*see, Vitiello v City of Yonkers,* 255 AD2d 506; *Vitiello v City of Yonkers,* 270 AD2d 253; *Matter of Vitiello v City of Yonkers Zoning Bd. of Appeals,* 283 AD2d 584, *lv denied* 97 NY2d 604), and is still ongoing. Since Action's property is partially located in the City of Mount

Vernon, that city is entitled to be notified of proceedings before the City of Yonkers Zoning Board of Appeals concerning the property (*see, Matter of Zelnick v Small,* 268 AD2d 527). No claim is made that the City of Mount Vernon was not given an opportunity to participate in such proceedings. Furthermore, pursuant to a stipulation settling a Federal lawsuit commenced by Action against the City of Mount Vernon, that city has the right to be named an involved agency in any review conducted pursuant to the State Environmental Quality Review Act by the City of Yonkers in connection with Action's application under its amended zoning ordinance. The City of Mount Vernon is therefore not without means to address its concerns about the operation of this plant on its border. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.